Robert A. PETH, Plaintiff–Appellant,

v.

Marilyn E. HEIDBRIER, Defendant–Respondent.

No. 56105.

Missouri Court of Appeals, Eastern District, Division Two.

May 15, 1990.

James S. Collins, II, St. Louis, for plaintiff-appellant.

Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, Jerome C. Simon, St. Louis, for defendant-respondent.

KAROHL, Judge.

The trial court entered judgment upon a jury verdict for plaintiff Robert A. Peth in the amount of $10,000. Marilyn E. Heidbrier, defendant, drove her automobile into the rear of a stopped ambulance operated by plaintiff. Plaintiff initially sought $175,000 actual damages for personal injuries. An amended petition claimed defendant's negligent acts showed complete indifference to or conscious disregard of safety for others thereby entitling plaintiff to actual and punitive damages. Plaintiff did not submit the issue of punitive damages to the jury. Plaintiff appeals for a new trial because: (1) during voir dire three venirepersons withheld information regarding their experience as claimants or parties to lawsuits; and (2) the court erred in refusing to grant plaintiff's motion for a mistrial because of defense counsel's statements during voir dire.

We find the court erred in refusing to grant plaintiff an evidentiary hearing required by Rule 78.05 on plaintiff's motion for new trial alleging venirepersons withheld requested information during voir dire. We find no reversible error in denying plaintiff's motion for mistrial. We remand for further proceedings.

Plaintiff requested an evidentiary hearing because venirepersons failed to truthfully answer questions during voir dire about prior claim and law suit experience. The trial court denied an evidentiary hearing and rejected a request for a new trial.

Defendant suggests plaintiff is not entitled to a new trial because the verdict and judgment were in favor of plaintiff. Only parties aggrieved by a judgment have standing to appeal. Section 512.020 RSMo 1986. "A party cannot appeal from a judgment wholly in his favor, one that gives him all he asks; but he can appeal from a judgment which gives him only a part of the relief he seeks." *Page v. Hamilton*, 329 S.W.2d 758, 762 (Mo.1959). *See, Knothe v. Belcher*, 691 S.W.2d 297 (Mo. App.1985). Plaintiff presented evidence from which the jury could have found total out-of-pocket expenses for medical bills, lost wages and related expenses for medical care in the amount of $14,949.06. Plaintiff has statutory authority to appeal the $10,000 judgment which was less than the relief sought.

Rule 78.05 provides:

When any after-trial motion, including a motion for new trial, is based on facts not appearing of record, affidavits may be filed which affidavits shall be served with the motion. The opposing party has 10 days after such service within which to serve opposing affidavits, which period may be extended for an additional period not exceeding 20 days either by the court for good cause shown or by the parties by written stipulation. The court may permit reply affidavits. Depositions and oral testimony may be presented in connection with after-trial motions.

The motion for new trial alleged: (1) juror Schneider, the foreperson, did not advise plaintiff or the court she was sued for $8,500 and costs in 1981, personally served and a default judgment entered against her; (2) juror Warren failed to divulge he was a co-plaintiff in a lawsuit; and (3) juror Holmes was sued in 1987, a default judgment entered against him and his wages garnished for payment of the judgment. The motion generally alleged the jurors' failure to answer constituted misconduct and misbehavior sufficient to entitle plaintiff to a new trial.

Plaintiff filed a motion, unsupported by affidavits, for an evidentiary hearing.

Plaintiff subpoenaed these jurors for the hearing to be held on December 8, 1988, the date set for consideration of plaintiff's motion for new trial. The court denied the motion for an evidentiary hearing on November 23, 1988.

■ In *Frenette v. Clarkchester Corp.*, 692 S.W.2d 834 (Mo.App.1985) we noted and discussed the rule of law protecting parties from prejudice which may result from the failure of a venireperson to divulge requested information. *Id.* at 836. A prospective juror must fully, fairly and truthfully answer questions directed to him. It is within the sound discretion of the trial court to determine if there is a basis from which prejudice may be inferred from either actual or constructive, intentional nondisclosure of requested information. *Rikenbaugh v. Chicago, Rock Island & Pacific R.R. Co.*, 446 S.W.2d 623, 626 (Mo.1969).

■ The trial court denied an evidentiary hearing on juror misconduct and misbehavior. Thus, there is no record for this court to review this assignment of error. During voir dire plaintiff's counsel asked the panel whether they or any member of their family had made claims for damages. Counsel described a defendant as a person against whom a suit is brought in court. He then asked, "Have any of you or any member of your family ever been a defendant in any kind of lawsuit excluding a divorce case?" Some venirepersons answered the question in the affirmative but venirepersons Schneider and Holmes did not.

The question of law is whether the plaintiff is entitled to an evidentiary hearing on the authority of Rule 78.05. We conclude that he is. The Rule authorizes a party to file affidavits in support or against the motion. It also authorizes depositions and oral testimony in connection with post trial motions. Where the issue raised in the motion for new trial requires resolution of factual matters not based on facts appearing in the record the rule authorizes proof by either method. We find no authority in the Rule for the trial court to deny counsel an opportunity to prove a factual matter by an evidentiary hearing with oral testimony. Witnesses may not be willing to co-operate with movants or opponents of motions by providing affidavits. Plaintiff complied with the procedural requirements for an evidentiary hearing by subpoenaing witnesses and requesting a hearing date. We find the court erred in refusing to grant an evidentiary hearing. We remand to the trial court to hold a hearing and determine whether prejudicial error occurred justifying a new trial on plaintiff's request.

Plaintiff's second claim of error was the trial court's denial of plaintiff's motion for mistrial when defense counsel made the following statement to the venirepanel:

I'm proud to introduce my client, Marilyn Heidbrier. Miss [sic] Heidbrier would you stand up again please if you would. Mrs. Heidbrier lives in Webster Groves area in St. Louis County, She's married. Her husband, Ed, is a traffic manager with the State Highway Commission I believe on Kirkwood Road. Mrs. Heidbrier has raised twelve children, two or three of whom are still at home, one of whom was in the automobile that Mrs. Heidbrier was driving at the time of this incident. She's employed by the Webster Groves School District as a community programs analyst, community educational programs assistant with the Webster Groves School District. Knowing that additional information and also she's been driving a car for over thirty years, knowing that additional information about Mrs. Heidbrier, does anyone now believe they may have heard of her or met her or had any dealing with her or her family in the past? I see no show of hands and take it that none of you do.

■ It has long been the general rule in this state that it is presumptively prejudicial to bring into evidence family matters including the number of children and ages of children of a party where such matters are not relevant to the issues. *Dayharsh*

*v. Hannibal & St. J.R. Co.,* 103 Mo. 570, 15 S.W. 554, 555 (1891). The rule applies to defendants as well as plaintiffs. *See, Bush v. Anderson,* 360 S.W.2d 251, 255 (Mo.App. 1962). (Number of defendant's children mentioned in opening statement and in evidence relevant to issue in the case). For several reasons we reject plaintiff's claim that the court erred in denying a motion for mistrial because of the statement made to the venirepanel.

■ First, at the time the statement was made plaintiff's claim for punitive damages was an issue for trial. In such cases defendant's ability to pay punitive damages is relevant and material. *State ex rel. Ford v. Adolf,* 724 S.W.2d 612, 614 (Mo.App. 1986); *Young v. Jack Boring's Inc.,* 540 S.W.2d 887 (Mo.App.1976). The rule does not apply where the facts are irrelevant. *Bush,* 360 S.W.2d at 255.

Second, the comment was made during voir dire in connection with identifying defendant. The statement was accompanied by a question to the venirepanel whether they knew defendant or her children. It was not unduly highlighted or emphasized.

■ Third, the voir dire comment was not a matter of evidence. The general rule has been applied to cases involving evidence or references in opening statements to marital status and family members. It has not been applied to comments made during voir dire where possible social relationships between the parties and the jurors is a proper subject of inquiry. *Linstroth v. Peper,* 203 Mo.App. 278, 218 S.W. 431, 435 (1920). Litigants should be given reasonable latitude in questioning prospective jurors about possible bias. *Littell v. Bi–State Transit Dev. Agency,* 423 S.W.2d 34, 37 (Mo.App.1967). In the absence of a showing of bad faith such comments in voir dire related to proper subjects are not presumptively prejudicial. The trial court has broad discretion in the control of counsel's conduct during voir dire and his ruling thereon will not be disturbed unless the facts indicate a manifest abuse of discretion because the trial court is in a better position to gauge the effect on the jury panel. *Anderson v. Burlington Northern R.R. Co.,* 700 S.W.2d 469, 473 (Mo.App. 1985).

We reject plaintiff's claim that the court erred in denying the drastic remedy of mistrial under these circumstances. *Vaughn v. Michelin Tire Corp.,* 756 S.W.2d 548, 561 (Mo.App.1988). We find no manifest abuse of discretion in the ruling. *Anderson,* 700 S.W.2d at 473.

We remand for further proceedings consistent with this opinion.

PUDLOWSKI, P.J., and CRANDALL, J., concur.