Maureen C. PREWITT, Appellant,

v.

Jill R. COFER f/k/a Jill R. Kern, Respondent.

No. 73421.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 3, 1998.

James Nabholz, III, St. Louis, for appellant.

James E. Carmichael, St. Charles, for respondent.

AHRENS, Judge.

Defendant appeals from a jury verdict in favor of plaintiff on plaintiff's claim of negligence. We remand.

Plaintiff sued defendant for injuries she sustained in a vehicle accident. On August 5, 1997, the jury, by unanimous vote, awarded plaintiff damages in the amount of $95,-000.00. Defendant filed a motion for a new trial on September 3, 1997 which alleged that two jurors, Terbrock and Wayland, intentionally concealed information during voir dire and on their juror qualification forms. At the hearing on the motion, the court heard testimony from Juror Terbrock, but did not permit Juror Wayland to testify. Defen-

dant's motion was denied on October 10, 1997.

■ In defendant's first point on appeal, she contends that the trial court abused its discretion in denying her motion for a new trial because Jurors Terbrock and Wayland failed to disclose information during voir dire which prejudiced her right to a fair and impartial jury. In defendant's second point on appeal, she alleges that the trial court erred in its denial of an evidentiary hearing on her motion for a new trial.[1] As the issues are intertwined, we shall address defendant's first and second points together.

■ The determination of whether concealment is intentional or unintentional is left to the sound discretion of the court. *Williams v. Barnes Hosp.*, 736 S.W.2d 33, 36 (Mo. banc 1987). "Intentional nondisclosure occurs: 1) where there exists no reasonable inability to comprehend the information solicited by the question asked of the prospective juror, and 2) where it develops that the prospective juror actually remembers the experience or that it was of such significance that [the juror's] purported forgetfulness is unreasonable." *Id.* Unintentional nondisclosure exists where the experience was insignificant or remote in time, or where the venireman reasonably misunderstands the question posed. *Id.* Where a nondisclosure is both unintentional and reasonable, the relevant inquiry is whether the juror's presence did or may have influenced the verdict so as to prejudice the party seeking a new trial. *Anglim v. Missouri Pacific R. Co.*, 832 S.W.2d 298, 306 (Mo. banc 1992).

■ The trial court denied defendant's motion for a new trial without specific findings. When such a motion is denied, we consider all findings necessary to the result to be implicit in the trial court's decision. *Rogers v. Bond*, 880 S.W.2d 607, 610 (Mo. App.1994). We may overturn a determination of whether a nondisclosure is intentional or unintentional only upon a showing of abuse of discretion. *Id.* at 611.

Through an offer of proof at the evidentiary hearing, defendant included evidence pertaining to the alleged misconduct of Jurors Terbrock and Wayland in the record on appeal. *Parkton Ass'n v. Armstrong*, 878 S.W.2d 50, 53 (Mo.App.1994). A review of the record reveals that Juror Terbrock had been in an automobile accident in which his son sustained injuries. As a result of this accident, Juror Terbrock received payments totaling $11,200.00 plus the salvage value of his truck and car rental. During voir dire, plaintiff's counsel asked:

> [C]ould I see the hands of anyone here on the panel who has been in an automobile accident? Okay. As expected most of the hands go up. Could I see the hands of people who were injured in that automobile accident[?]

> Anyone else on the panel who has at any time asserted any type of a claim for any injury that you may have received to your body?

■ Nondisclosure of information may only occur after a clear question is asked on voir dire. *Wingate v. Lester E. Cox Medical Ctr.*, 853 S.W.2d 912, 916 (Mo. banc 1993). Juror Terbrock only had a duty to affirmatively respond if he in fact suffered an injury or asserted a claim for an injury. At the evidentiary hearing, Juror Terbrock testified that he was not injured in the automobile accident and had never told anyone that he had been injured in the accident. He did testify that had had "sore spots" on his back, but stated that they "went away after a few days."

Even if we were to find that soreness constituted an "injury," in light of the totality of the circumstances, we find that the trial court could have reasonably accepted Juror Terbrock's explanation of his failure to disclose the "sore spots" on his back and conclude that his nondisclosure was unintentional. *See Rogers*, 880 S.W.2d at 611. Juror Terbrock did not remember the "sore spots" at voir dire or at the hearing until he was specifically reminded of them. Further, even though "most" of the prospective jurors indi-

---

1. In defendant's first and second points on appeal, she also alleges error due to the jurors' failure to disclose information on their juror qualification forms. We will analyze defendant's claims regarding these forms in our discussion on defendant's third point, *infra.*

cated that they had been involved in a automobile accident, plaintiff did not explain or define that soreness constituted an "injury." Finally, defendant did not pursue this question during her voir dire even though she was aware that, although a significant number of prospective jurors indicated involvement in an automobile accident, only three disclosed that they had been injured. *Id.; Williams,* 736 S.W.2d at 38.

In any event, defendant's right to a fair trial and the integrity of the jury process was not so impaired by Juror Terbrock's conduct as to this issue to support a finding that defendant was prejudiced. *See Anglim,* 832 S.W.2d at 306. Because of his greater ability to observe the juror's demeanor during voir dire and during his testimony at the evidentiary hearing, we give great deference to the trial court on the matter of credibility. *Id.* The record supports the trial court's finding of an innocent nondisclosure which caused no prejudice to defendant.

Defendant then argues that Juror Terbrock intentionally concealed a personal injury claim with an insurance carrier as a result of the accident. Juror Terbrock testified that he did not file a claim against an insurance company for personal injury. He testified that the insurance payment he received as a result of the accident was to compensate him for "a new truck, truck tool box [and] two days off work." We find nothing in the record on appeal that refutes Juror Terbrock's testimony.

■ Defendant also alleges misconduct when Juror Terbrock failed to respond to the question "[h]ave you or any member of your immediate family ever suffered any bodily injury and or [sic] been a party to any lawsuit?" The record reveals that Juror Terbrock's minor son was injured in an automobile accident and subsequently filed a claim with an insurance company. A juror has a duty to answer all questions directed at him and the panel generally. *Williams,* 736 S.W.2d at 36. During voir dire, the following exchange took place:

[Defendant's counsel]: Thank you. Ms. Crow or Crowe?

[Venireperson] Crowe: It's Crowe.

[Q]: You also indicated some kind of involvement either in an injury, you were either injured or personal injury suit— no. Okay. Let me just double check here, or a claimant, plaintiff or defendant involved in any— no, okay. *Have you or any member of your immediate family ever suffered any bodily injury and or [sic] been a party to any lawsuit?*

[A]: My sister was in a bad accident, but she really wasn't hurt.

[Q]: Okay.

[A]: But she did have to go to Court for it.

(emphasis added). Defendant's counsel then questioned Venireperson Crowe about her sister's accident. Defendant's counsel did not ask Juror Terbrock or other prospective jurors if family members had suffered bodily injuries, but rather the underscored question was directed specifically to Venireperson Crowe. Juror Terbrock had no duty to respond to a question not directed to himself or the panel generally. Accordingly, this does not rise to the level of nondisclosure, intentional or otherwise. We find no abuse of discretion in the trial court's rejection of defendant's claims regarding Juror Terbrock.

■ Next, defendant alleges that Juror Wayland intentionally concealed information regarding a claim for an injury and therefore prejudiced defendant. During voir dire, plaintiff's counsel asked if there was "[a]nyone else on the panel who has at any time asserted any type of a claim for any injury that you may have received to your body?" Two venirepersons responded affirmatively. Defendant alleges that the failure of Juror Wayland to respond to this question demonstrates intentional nondisclosure. We disagree.

Defendant relies upon the business records of The MedFirst Physician, an accident report filed with the Division of Workers' Compensation and the records of Indiana Lumbermens Mutual Insurance Company to demonstrate that on May 9, 1995, Juror Wayland suffered an injury to his left ring finger. However, as these documents do not demonstrate that Juror Wayland filed a

claim as a result of his injury, defendant's reliance is misplaced.

An employer is required by statute to notify its insurance carrier and the Division of Workers' Compensation after any injury to an employee. Section 287.380.1, RSMo 1994.[2] The submission of such an accident report does not necessarily reflect that a claim was filed under the workers' compensation law. Rather, these reports are submitted to allow the division to maintain "accurate and complete data on the impact of work-related injuries on the workers' compensation system." Section 287.380.1.

An injured employee may only take under the workers' compensation law after filing a claim for recovery. Section 287.430.1. As no such claim is present in the record on appeal, we find no abuse of discretion in the trial court's rejection of defendant's claims regarding this issue.

■ Next, defendant alleges misconduct resulted from Juror Wayland's failure to respond to the question "could I see [the] hands of anyone who has been involved as a party in a lawsuit, either plaintiff [or] defendant, not necessarily in an injury lawsuit, it [could] be any type of a lawsuit?" This question unequivocally compelled Juror Wayland to disclose previous lawsuits. *Brines v. Cibis,* 882 S.W.2d 138, 139 (Mo. banc 1994). Juror Wayland did not respond to the question even though he had filed a petition for a trial de novo in the Circuit Court of St. Charles County after his drivers' license had been suspended by the Department of Revenue. This suit was pending at the time of voir dire. Juror Wayland's silence establishes nondisclosure. We are then left with the determination of whether the nondisclosure was intentional or unintentional. *Id.*

■ If a juror intentionally withholds material information requested on voir dire, bias and prejudice are inferred from such concealment. *Id.* at 140. For this reason, a finding of intentional concealment has become tantamount to a per se rule mandating a new trial. *Id.* Only where a juror's intentional nondisclosure does not involve a material issue, or where the nondisclosure is unin-

tentional, should the trial court inquire into prejudice. *Id.* Nondisclosure pertaining to a prospective juror's prior litigation experience is material. *Id.* As the trial court denied an evidentiary hearing on Juror Wayland's nondisclosure, there is no record for this court to review this assignment of error.

Plaintiff points to *McHaffie v. Bunch,* 891 S.W.2d 822 (Mo.1995), for the proposition that the trial court had sufficient evidence before it to determine that Juror Wayland did not intentionally fail to disclose his lawsuit against the Department of Revenue. We find that *McHaffie* is inapposite. In that case, the trial court had the sworn affidavits of the jurors at the evidentiary hearing. 891 S.W.2d at 830. Here, the trial court had no evidence before it to determine if Juror Wayland intentionally failed to disclose his lawsuit against the Department of Revenue.

As we have stated, Rule 78.05

authorizes depositions and oral testimony in connection with post trial motions. Where the issue raised in the motion for new trial requires resolution of factual matters not based on facts appearing in the record the rule authorizes proof by either method. We find no authority in the Rule for the trial court to deny [defendant] an opportunity to prove a factual matter by an evidentiary hearing with oral testimony. Witnesses may not be willing to co-operate with movants or opponents of motions by providing affidavits. [Defendant] complied with the procedural requirements for an evidentiary hearing by subpoenaing witnesses and requesting a hearing date. We find the court erred in refusing to grant an evidentiary hearing.

*Peth v. Heidbrier,* 789 S.W.2d 859, 862 (Mo. App.1990). We remand to the trial court to hold a hearing and determine whether Juror Wayland's failure to disclosure his lawsuit against the Department of Revenue was intentional or unintentional and whether prejudicial error occurred which would justify a new trial.

■ In defendant's third point on appeal, she contends that the trial court erred because it did not allow either juror's qualifica-

**2.** All statutory references are to RSMo 1994 un-    less otherwise indicated.

tion form to be admitted into evidence at the hearing on the motion for new trial. Defendant relies upon the following questions found in the juror qualification form to allege intentional nondisclosure:

9. Have you or any member of your immediate family ever suffered any bodily injury and or [sic] been a party to any lawsuit?

10. Have you or any member of your immediate family ever made any claim for personal injury, or has a claim for personal injury ever been made against you or your immediate family?

Jurors Terbrock and Wayland answered these questions in the negative. As discussed above, the record reveals that Juror Terbrock's minor son suffered bodily injury in a car accident, a claim was made for this injury and Juror Wayland had lacerated his ring finger.

Section 494.415 provides that prospective jurors are to be served with a juror qualification form. The form must substantially comply with the statute in that it must be approved by the circuit court en banc for use in all cases, it must contain instructions that it be returned within ten days, it must require that the juror declare that the responses are true to the best of the juror's knowledge and it must inquire into automatic qualifications found in section 494.425. *Wingate,* 853 S.W.2d at 915.

We will attribute no error to the trial court in its failure to admit these forms into evidence at the hearing on the motion for a new trial. Juror qualification forms merely require that a juror complete the forms to the "best of his knowledge." *Id.;* Section 494.415.1(2). In contrast to an unsworn form, prospective jurors take an oath which requires them to truthfully answer the questions put to them during voir dire. *Sadlon v. Richardson,* 382 S.W.2d 9, 12 (Mo.App. 1964); *Brady v. Black & White Cab Co.,* 357 S.W.2d 720, 724 (Mo.App.1962). The service of juror qualification forms upon persons constituting the master jury list allows the parties, as well as the board of jury commissioners, to identify persons on the master jury list who are ineligible to serve as a juror. Section 494.415.2. It is not the func-

tion of the juror qualification form to replace voir dire; voir dire is necessary to discover the state of mind of prospective jurors and determine by examination whether their attitudes and prejudices render them unfit to serve as a juror. *State v. Morehouse,* 811 S.W.2d 783, 785 (Mo.App.1991). A defendant cannot rely upon answers on a juror qualification form to prove nondisclosure of information by a juror.

The trial court did not err in refusing to allow the juror qualification forms into evidence at the evidentiary hearing.

We remand for further proceedings consistent with this opinion.

PUDLOWSKI, P.J., and CRANDALL, J., concur.