Raymond POWELL and Renee Powell, Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.

No. WD 64690.

Missouri Court of Appeals, Western District.

Oct. 18, 2005.

---

John E. Turner and Christopher P. Sweeny, Kansas City, MO, for appellants.

Kevin Weakley, Kansas City, MO, for respondent.

Before RONALD R. HOLLIGER, P.J., ROBERT G. ULRICH and JOSEPH M. ELLIS, JJ.

ROBERT G. ULRICH, J.

Raymond and Renee Powell appeal the judgment of the trial court reducing the jury verdict in their action against their insurance carrier, State Farm Mutual Automobile Insurance Company, for underinsured motorist benefits. The judgment of the trial court reduced the verdict awarding damages in favor of Officer Powell by $9,011.44 as an offset under the insurance policy for workers' compensation benefits paid or payable to him. Officer Powell claims that the trial court erred in reducing the verdict because (1) there was no competent or substantial evidence that $9,011.44 was paid or payable to him and (2) as a matter of law the amount should have been reduced from the policy limits

not the damages. The judgment of the trial court is reversed, and the case is remanded for further proceedings.

## Facts

Shortly after 3:00 a.m. on March 18, 2001, Raymond Powell, a police officer with the Kansas City, Missouri, Police Department, was riding his motorcycle on duty when a drunk driver struck him. Officer Powell suffered injury to his foot requiring medical attention and ultimately surgery. Officer Powell missed work as a result of his injury and surgical recovery. The Powells sued the driver and their insurance provider, State Farm, from which they had purchased underinsured motorist coverage. Prior to trial, the Powells settled with the driver for $50,000, the limit on his liability insurance policy. At trial, the jury returned a verdict in favor of Officer Powell for $75,000 for his personal injuries. Thereafter, State Farm filed a motion to reduce the verdict by $9,011.44, which allegedly represented the amount of workers' compensation benefits paid to Officer Powell.[1] The trial court sustained State Farm's motion and entered judgment in favor of Officer Powell in the amount of $15,988.56, which represented the verdict ($75,000) less the settlement with the driver ($50,000) and the amount of workers' compensation benefits received by Officer Powell ($5,739.96 medical bills and $3,271.38 lost wages). This appeal by Officer Powell followed.

## Points on Appeal

Officer Powell raises two points on appeal. He claims that the trial court erred in reducing the verdict by $9,011.44 because (1) State Farm failed to prove by competent substantial evidence that the

---

1. Mrs. Powell sought damages for loss of consortium; however, the jury did not find in her favor. She did not appeal the judgment regarding her claim, and, therefore, this opinion will refer only to Officer Powell as the appellant.

amount was paid or payable to him under the Missouri Workers' Compensation Law and (2) as a matter of law the amount should have been reduced from the policy limits, not the verdict for damages. Because the first point is dispositive, Officer Powell's second point is not addressed.[2]

Following the jury verdict, State Farm filed a motion to reduce the verdict by $9,011.44, which it claimed represented the amount of benefits paid to Officer Powell under the Missouri Workers' Compensation Law. It relied on the following policy provision:

**Limits of Liability**

**Coverage W**

* * *

2. Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the *insured* under any worker's compensation, disability benefits, or similar law.

State Farm argued that it was entitled to offset against the amount of the verdict the amount of medical bills paid or payable to Officer Powell by his employer, $5,739.96, and two-thirds of the amount of injury time paid or payable to Officer Powell by his employer, $3,271.38. In support of this argument, State Farm attached six exhibits to its motion: the insurance policy; Kansas City, Missouri, Police Department Personnel Policy 818–7; Kansas

City, Missouri, Police Department Personnel Policy 1005; Board of Police Commissioners of Kansas City, Missouri, Resolution 95–5; a summary of Officer Powell's medical bills totaling $5,739.96; and a summary of Officer Powell's regular duty lost wages totaling $4,956.64. State Farm also relied on evidence at trial that Officer Powell's medical bills totaled $5,739.96 and on an offer of proof outside of the hearing of the jury where Officer Powell testified that he believed the City of Kansas City had paid his medical bills.

■ Thereafter, Officer Powell filed suggestions in opposition to the motion to reduce the verdict. He argued, *inter alia,* that the trial court should not take judicial notice of or consider the Kansas City Police Department Personnel Policy documents attached as exhibits to State Farm's motion and that State Farm otherwise did not prove the amount of any sums paid or payable by Officer Powell's employer, the Board of Police Commissioners.[3]

■ The question of application of the offset provision of the insurance policy was tried to the trial court following the jury trial on Officers Powell's personal injury claim. In a court-tried case, the trial court is presumed to consider only properly received evidence. *State ex rel. Webster v. Cornelius,* 729 S.W.2d 60, 65 (Mo.App. E.D.1987). The erroneous admission of

---

**2.** This opinion does not answer the question of whether workers' compensation benefits paid or payable to Officer Powell should have been deducted from the policy limits or from damages.

**3.** Officer Powell filed a motion in limine to prohibit State Farm from introducing at the jury trial evidence that Officer Powell had filed a workers' compensation claim or that any of his medical bills may have been paid by workers' compensation based on the collateral source rule. The trial court granted Officer Powell's motion ruling that workers' compensation evidence would not be heard

by the jury. On appeal, State Farms argues that Officer Powell cannot now complain that insufficient evidence was presented of the amount of workers' compensation benefits Officer Powell received for purposes of applying the offset provision of the policy. The transcript demonstrates, however, that the trial court and both parties agreed that the issue of application of the offset provision with regard to workers' compensation benefits received by Officer Powell would be taken up after the case was over. State Farm's argument that Officer Powell invited the alleged error is without merit.

evidence requires reversal only when no sufficient competent evidence to support the trial court's judgment was presented. *Id.* In reviewing a court tried case, the appellate court only considers properly admitted evidence and ignores that which was improperly admitted. *Id.*

■ A party seeking to establish coverage under an insurance policy has the burden of proving that the claim is within the coverage afforded by the policy. *M.A.B. v. Nicely,* 911 S.W.2d 313, 315 (Mo.App. W.D.1995). If, however, an insurance company seeks to escape coverage based on a policy exclusion, it has the burden of proving facts that make the exclusion applicable. *Id.; Harold S. Schwartz & Assocs., Inc. v. Cont'l Cas. Co.,* 705 S.W.2d 494, 498 (Mo.App. E.D. 1985). State Farm argues that the offset provision of the policy is not an exclusion and that Officer Powell had the burden of proving that his claim was within the coverage of the policy. State Farm's argument is incorrect. By definition, an exclusion provision in an insurance policy excludes risk. *Schwartz,* 705 S.W.2d at 498. It does not endow coverage but rather limits the obligation of indemnity. *Id.* Although not specifically labeled an exclusion, the offset provision in the policy is an exclusion because it does not endow coverage but limits the responsibility of State Farm for Officer Powell's damages. Given State Farm's reliance on the offset provision, it had the burden of proving facts that make the provision applicable.

■ Rule 78.05 authorizes affidavits, depositions, and oral testimony in connection with after trial motions. *Prewitt v. Cofer,* 979 S.W.2d 521, 525 (Mo.App. E.D.1998)(quoting *Peth v. Heidbrier,* 789 S.W.2d 859, 862 (Mo.App. E.D.1990)). Where the issue raised in the after trial motion requires resolution of factual matters not based on facts appearing in the record, the rule authorizes proof by any of the listed methods. *Id.* (quoting *Peth,* 789 S.W.2d at 862).

■ The issue raised in State Farm's motion to reduce the verdict required resolution of factual matters not appearing in the record, specifically, whether any amount was paid or payable to Officer Powell under workers' compensation laws. Except for evidence at trial that Officer Powell incurred $5,739.96 in medical bills and his testimony in the offer of proof, no other evidence was presented on the issue. No evidentiary hearing was held. Although State Farm attached several exhibits to its motion, the exhibits were not in the form of affidavits and were never introduced into evidence. Officer Powell did not stipulate to any of the exhibits and, in fact, challenged their consideration. "Exhibits attached to motions filed with the trial court are not evidence and are not self-proving." *Kulaga v. Kulaga,* 149 S.W.3d 570, 573 n. 6 (Mo.App. W.D.2004).

■ State Farm requested and the trial court apparently took judicial notice of the personnel policies and resolution of the Board of Police Commissioners attached to State Farm's motion. The Kansas City Board of Police Commissioners is a state agency created by statute and endowed with the power to adopt rules and regulations governing the conduct of the police department. §§ 84.350 and 84.420.2(1), RSMo 2000; *State ex rel. Nixon v. Karpierz,* 105 S.W.3d 487, 489 n. 6 (Mo. banc 2003). Under section 536.031.5, RSMo Cum.Supp.2004, Missouri courts take judicial notice, without proof, of the Code of State Regulations. Unless a rule or regulation has been published in the Code of State Regulations, however, a court may not take judicial notice of an

administrative rule or regulation. *State v. Mullenix*, 73 S.W.3d 32, 37 (Mo.App. W.D. 2002). The personnel policies of the Kansas City Police Department are not published in the Code of State Regulations, and, therefore, the trial court could not take judicial notice of such exhibits attached to State Farm's motion. And even if the trial court could take judicial notice of the policies, no evidence was offered that the policies were in effect at the time of Officer Powell's injury.

Also attached to State Farm's motion were purported summaries of Officer Powell's medical bills and his lost wages. While the summary of Officer Powell's medical bills was supported by evidence offered at trial, the summary of his regular duty lost wages did not coincide with evidence of lost wages offered at trial or in the offer of proof. No explanation was given regarding the discrepancies, yet the trial court apparently accepted the summaries as true although they were not offered into evidence.

■■■ The only evidence introduced at trial or in the offer of proof regarding Officer Powell's receipt of workers' compensation benefits was the total of Officer Powell's medical bills, $5,739.96, and Officer Powell's testimony that he believed the City of Kansas City had paid his medical bills. This evidence did not constitute sufficient competent evidence that Officer Powell's medical bills were paid or payable by his employer under workers' compensation laws. During the offer of proof, Officer Powell testified as follows:

Q: Now by entering into that agreement, is it true that the full amount of the medical bills that you have identified on Plaintiffs' Exhibit 4 were paid for by the city of Kansas City, Missouri, your employer?

A: I believe so.

Officer Powell's testimony that he believed the City of Kansas City paid his medical bills is of no probative value. Generally, one's belief, feeling, understanding, or thought about a matter does not constitute substantial evidence justifying or permitting a finding to that effect. *Dickey Co. v. Kanan*, 537 S.W.2d 430, 433–34 (Mo.App. 1976). When a witness testifies that he "believes" a certain fact, his testimony is "objectionable and should be rejected." *Galovich v. Hertz Corp.*, 513 S.W.2d 325, 335 (Mo.1974)(quoting *Armstrong v. Croy*, 176 S.W.2d 852, 853 (Mo.App.1944)). Even if received without objection, such testimony "is of no probative force or evidential value and definitely so if the witness is not testifying as an expert." *Id.* (quoting *Armstrong*, 176 S.W.2d at 853). And even if a witness is qualified to express his opinion, such testimony will be rejected unless the term employed sufficiently appears to be used to express his opinion. *Id.* (quoting *Armstrong*, 176 S.W.2d at 853–54). Officer Powell was not testifying as an expert, expressing his opinion on the question propounded. His belief that his employer paid his medical bills did not constitute substantial evidence that it did. Additionally, the question identified Officer Powell's employer as the City of Kansas City but other evidence in the record showed that the Board of Police Commissioners was his employer. So, even if Officer Powell's testimony justified a finding that the City of Kansas City paid his medical bills, it was questionable whether the City of Kansas City was his employer.

While the parties had an opportunity to make legal arguments on the issue of whether the offset provision of the insurance policy applied in this case, no hearing was conducted to introduce necessary evidence regarding the issue. The trial court apparently considered the exhibits attached to State Farm's motion to reduce

the verdict in ruling that State Farm was entitled to offset the verdict by $9,011.44. The exhibits were accepted as true without any opportunity for Officer Powell to contest or introduce evidence on the amounts or application of the provision. Because an evidentiary hearing on State Farm's motion was not conducted, the trial court lacked a factual basis for deciding the issue. *See Prewitt*, 979 S.W.2d at 525 (where trial court did not hold evidentiary hearing on whether juror intentionally failed to disclose material information, court had no evidence before it to determine issue). The judgment of the trial court is, therefore, reversed, and the case is remanded to the trial court to conduct a hearing to elicit evidence regarding application of the offset provision, to make appropriate findings of fact, and to render its judgment. *See Id.*

HOLLIGER, P.J. and ELLIS, J., concur.