179 S.W.3d 894 (2005)
In the Interest of H.L.L., a child under seventeen years of age.
T.L., Appellant,
v.
Greene County Juvenile Office, Respondent.
No. SC 86788.
Supreme Court of Missouri, En Banc.
December 20, 2005.
*895 John E. Kelly, Springfield, for Appellant.
James R. Royce, William C. Prince, Springfield, for Respondent.
Kayla Vaughan, Chris E. Rollins, St. Louis, for Amicus Curiae.
*896 Mary R. Russell, Judge.
T.L. appeals from a judgment of the juvenile division of the Circuit Court of Greene County overruling his motion for a new trial after the court terminated his parental rights to H.L.L. Although he does not complain about service of process, he alleges that he received no notice of the termination hearing and was denied due process of law. After an opinion by the Court of Appeals, Southern District, this Court granted transfer. Mo. Const. art. V, sec. 10. The judgment is affirmed because the court did not abuse its discretion in overruling T.L.'s motion for a new trial.
The juvenile office filed a petition to terminate T.L.'s parental rights to H.L.L. Summons was issued to the sheriff of McClennon County, Texas, for personal service on T.L. at 1609 Spring Street # 93, Waco, Texas. The summons indicated that there would be a hearing on the petition on February 25, 2004. The return of service was filed showing that service was made on December 30, 2003. The return verified that a copy of the summons, petition, and a juvenile/custodian's rights form was left with a family member over the age of fifteen years at the Waco address.
The hearing referred to in the summons  a service in compliance hearing  was held on February 25, and the Court found that service had been made on all parties as required by section 211.453, RSMo 2000.[1] Although T.L. was not present at the hearing, the court set a termination of parental rights hearing for March 22. The juvenile office mailed a notice of the termination hearing to T.L. at the Waco address on March 1, indicating that the hearing was set for March 22. The juvenile office also mailed a "termination summary" to T.L., at the Waco address, on March 4, which indicated that the termination hearing was set for March 22. These letters were not returned as undeliverable.
At the termination hearing on March 22, the juvenile's guardian ad litem, a deputy juvenile officer and her attorney, a representative from the Children's Division, and a court-appointed special advocate appeared. T.L. did not. Those appearing adduced evidence, and the trial judge announced that the parental rights of both parents would be terminated.
On April 14, at T.L.'s request, the trial court appointed an attorney to represent him for purposes of an appeal. Two weeks later, the trial court issued findings of fact and conclusions of law, which included findings that T.L. was properly served with the summons, as well as a copy of the petition to terminate parental rights, and a notice of the termination hearing.
T.L. filed a motion for a new trial, alleging that he had not received any notice of the termination hearing. This motion was denied without an evidentiary hearing. He filed a second motion for a new trial, which included a notarized letter stating that his address was 1609 Spring St., # 93, Waco, Texas, and attesting that he had not received notice of the termination hearing. Additionally, T.L.'s attorney filed suggestions and his own affidavit, which indicated that a letter he had mailed to T.L. at 1609 Spring St., Apt. 93, Waco, Texas, was returned marked "Addressee Unknown." The motion court held a hearing on the second motion for a new trial and overruled the motion. T.L. now challenges this ruling.
The standard of review for an order denying a motion for new trial is abuse of discretion. Bowan v. Express Med. Transporters, Inc., 135 S.W.3d 452, 456 (Mo.App.2004). A trial court abuses *897 its discretion when a ruling is clearly against the logic of the circumstances then before it and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. McGuire v. Seltsam, 138 S.W.3d 718, 720 (Mo. banc 2004). The denial of a new trial would be an abuse of discretion if it were based on findings not substantially supported by the record. Bowan, 135 S.W.3d at 456.
T.L. claims on appeal that the trial court erred in terminating his parental rights because he did not receive notice of the termination hearing, thus denying him due process of law. He does not challenge the service of the summons.[2]
Although termination of parental rights involves a fundamental liberty interest, T.L. never complained about the service of the petition to terminate his parental rights at the trial court or even on appeal. To preserve a constitutional question for review in this Court, it must be raised at the earliest possible opportunity; the relevant sections of the Constitution must be specified; the point must be preserved in the motion for new trial, if any; and, it must be adequately covered in the briefs. State v. Flynn, 519 S.W.2d 10, 12 (Mo.1975). The sufficiency of the service of the summons has not been properly preserved for appellate review. As such, this Court need only consider whether the motion court denied T.L. his due process rights in overruling his motion for a new trial.
In termination of parental rights cases, due process requires that a parent be given "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." In the Interest of Loveheart, 762 S.W.2d 32, 34 (Mo. banc 1988).
The motion court was presented with competent evidence, in the form of an affidavit of a juvenile officer in response to T.L.'s motion for a new trial, that two notices of the termination hearing were sent to T.L. at 1609 Spring St., # 93, Waco, Texas. These notices were not returned as undeliverable. Further, the motion court considered the notarized letter from T.L. attached to his second motion for a new trial, which indicated that he had been living at the above address.
The motion court's findings were based on substantial evidence that T.L. received notice reasonably calculated to apprise him of the pending termination hearing and to give him the opportunity to present his objections. Its decision was not against the logic of the circumstances, nor was it so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. As such, the motion court did not abuse its discretion in overruling T.L.'s motion for a new trial. Its judgment is affirmed.
WOLFF, C.J., PRICE and LIMBAUGH, JJ., concur.
RICHARD B. TEITELMAN, J. dissents in separate opinion filed. LAURA DENVIR STITH and WHITE, JJ., concur in opinion of TEITELMAN, J.
RICHARD B. TEITELMAN, Judge, dissenting.
I respectfully dissent.
This case is not a contract dispute. It is not a suit for damages. The interest involved is not simply financial or reputational. *898 Rather, the interest being adjudicated in this case is one of the oldest fundamental liberty interests recognized in our law; the right to be a parent to one's child. Troxel v. Granville, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). Given the fundamental interest at stake, cases involving the termination of parental rights are reviewed more closely than other civil cases. In the Interest of C.N.G., 109 S.W.3d 702, 705 (Mo.App.2003). A review of the record in this case raises serious doubts about the sufficiency of service and whether the alleged service gave adequate notice to T.L. of the pending termination of parental rights petition. Consequently, I would hold that the circuit court erred by not sustaining T.L.'s motion for a new trial.

I. Service of Process

Service of process is a prerequisite to personal jurisdiction, and a judgment entered against a party without proper service on that party is void for lack of jurisdiction. Worley v. Worley, 19 S.W.3d 127, 129 (Mo. banc 2000). Actual notice is insufficient to confer jurisdiction. Id. T.L. was allegedly served by leaving a copy of the summons at T.L.'s "usual place of abode" with "some person of his or her family over the age of 15 years." The purported service on T.L. fails to comply with the applicable procedural rules.
A review of the legal file reveals at least two service defects. First, the return of service does not identify the individual upon whom the summons was served. Although there is a pre-printed line on the return indicating that the summons was left with "some person of [T.L.'s] family over the age of 15 years," this critical fact cannot be verified because the line indicating the name of the person served was left blank. A return of service should not be deemed conclusive if it is incomplete and omits critical information, especially when the civil action instituted by the summons implicates fundamental constitutional rights. Speculative inferences of constructive notice should not suffice in termination of parental rights cases.
Second, Rule 54.14 requires that a person must be authorized by law to serve process. Rule 54.20 further requires that the officer making out of state service make an affidavit before the clerk or judge of the court of which affiant is an officer stating the time, place and manner of such service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where such service was made.[1] No such affidavit is attached to the return or included anywhere else in the record. On the record before this Court, it appears that the rules for out-of-state service were not followed.

II. Notice

In addition to the lack of compliance with the rules for service of process, the summons allegedly served upon T.L. fails to provide adequate notice that T.L. is subject to the imminent termination of his parental rights. The summons advises only that a petition has been filed alleging *899 that the child is subject to juvenile division jurisdiction for the reasons set forth in the petition. However, the petition is not attached to the summons and did not advise T.L. that the "petition" referred to was not simply the underlying abuse and neglect case, but instead was aimed at forever terminating his parental rights. Further confusion stems from the fact that the Rights Form attached to the summons states that any order will affect the child and his custodian. T.L. was not the custodian. On this record, it is difficult to conclude with any confidence that T.L. was adequately notified of the imminent termination of his parental rights.
The majority opinion correctly notes that T.L.'s appointed counsel did not raise service issues in his pleadings. The issues should have been raised.[2] However, given the fundamental liberty interests at stake and the service deficiencies that are apparent on the face of the record, it would be a manifest injustice to sweep aside these concerns based upon the technical failure of counsel to raise obvious issues. Holding otherwise renders the parent-child relationship and the attendant fundamental due process rights subservient to economy and forces parents, who justifiably rely upon counsel's advice and expertise, to live with the consequences. In this case, due process requires that T.L. have an opportunity to be heard.
I would reverse the judgment overruling T.L.'s motion for a new trial.
NOTES
[1] All statutory references are to RSMo 2000 unless otherwise indicated.
[2] Although amicus curiae raises constitutional issues concerning the sufficiency of service on T.L., these claims of error were never raised by T.L. in his motion for a new trial or his brief on appeal.
[1] Rule 54.20(b) provides in part that:

(1) Every officer to whom summons or other process shall be delivered for service outside the state shall make an affidavit before the clerk or judge of the court of which affiant is an officer or other person authorized to administer oaths in such state stating the time, place and manner of such service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where such service was made. The court may consider the affidavit or any other evidence in determining whether service has been properly made.
[2] Rule 54.22(b), for instance, permits the party served to impeach the return of service and allows the circuit court to set aside or modify the judgment.