Megan CAMPISE, Appellant,

v.

Gary BORCHERDING, Respondent.

No. ED 88166.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 20, 2007.

Application for Transfer to Supreme Court Denied May 1, 2007.

Application for Transfer Denied June 26, 2007.

---

David C. Knieriem, Clayton, MO, for appellant.

David K. Simkins, M. Adina Johnson, St. Louis, MO, for respondent.

ROY L. RICHTER, Presiding Judge.

Megan Campise ("Plaintiff") appeals the trial court's denial of her motion for new trial and request for an evidentiary hearing on juror misconduct. Plaintiff alleges the trial court erred because defense counsel argued an improper adverse inference in his closing argument and because a juror failed to disclose he had been a party to prior litigation. We remand for further proceedings.

## I. BACKGROUND

Plaintiff filed suit for personal injuries against Gary Borcherding ("Defendant") five years after a motor vehicle accident. For over two years following this accident, Plaintiff participated in high school sports. When Plaintiff experienced extreme back pain on a family vacation, Plaintiff sought medical treatment and underwent surgery to repair a herniated disc. Plaintiff alleged that the motor vehicle accident caused her herniated disc.

In closing argument, defense counsel stressed that in order for the jury to believe Plaintiff's herniated disc arose from her car accident, it must believe Plaintiff played a number of sports with a herniated disc for over two years. He stated, "Did we hear any testimony from any teachers, any gym teachers any coaches any players who played with her, anybody?" Plaintiff objected, alleging defense counsel argued an improper adverse inference and stated, "I'm asking for a mistrial and I'm asking a limiting instruction be given to the jury that they are to strike that entire argument." The Court instructed the jury to "disregard the last statement made by defense counsel."

Pursuant to the jury's verdict, the Court entered judgment in favor of Plaintiff in the amount of $3,750.00, the unpaid cost of chiropractic services rendered to Plaintiff immediately following her car accident.

Plaintiff filed a motion for new trial, alleging, in part, that defense counsel argued an improper adverse inference by referring to the absence of testimony from Plaintiff's teachers, coaches, or players. In addition, Plaintiff alleged juror misconduct, and requested an evidentiary hearing, asserting a juror failed to respond during voir dire that he had been involved in prior litigation.

The trial court denied Plaintiff's motion for new trial and denied her request for an evidentiary hearing regarding juror misconduct. Plaintiff appeals.

## II. DISCUSSION

In her first point, Plaintiff alleges the trial court erred in denying her motion for new trial because, in closing, defense counsel made an improper adverse inference argument. We disagree.

■ We review a denial of a motion for new trial for abuse of discretion. *In re H.L.L.*, 179 S.W.3d 894, 896 (Mo. banc 2005). An abuse of discretion exists "when a ruling is clearly against the logic of the circumstances then before it and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.* at 897. We view the evidence in the light most favorable to the jury's verdict. *Lopez v. Three Rivers Elec. Co-op., Inc.*, 92 S.W.3d 165, 173 (Mo.App. E.D.2002). Further, we must determine whether there was substantial evidence to support the verdict. *First State Bank of St. Charles, Missouri v. Frankel*, 86 S.W.3d 161, 172 (Mo.App. E.D.2002). Only if there is a complete lack of probative evidence to support the verdict will we disturb the jury's decision. *Id.*

■ It is reversible error to allow reference in closing argument to a party's failure to produce a witness equally avail-

able to both parties. *Kelly by Kelly v. Jackson*, 798 S.W.2d 699, 701 (Mo. banc 1990). The question of "equal availability" depends on several factors:

(1) one party's superior means of knowledge of the existence and identity of the witness; (2) the nature of the testimony that the witness would be expected to give in the light of his previous statements or declarations, if any, about the facts of the case; and (3) the relationship borne by the witness to a particular party as the same would reasonably be expected to affect his personal interest in the outcome of the litigation and make it natural that he would be expected to testify in favor of the one party against the other.

*Id.* (citing *Hill v. Boles*, 583 S.W.2d 141, 145–46 (Mo. banc 1979)).

While Defendant's statement smacks of adverse inference, we focus on the primary issue, whether the trial court's limiting instruction sufficiently remedied any improper adverse inference from defense counsel's statement. We find it did.

■ Plaintiff asserts two arguments on this point. First, she alleges that she did not receive her requested relief in that she asked for both a mistrial and a limiting instruction but received only a limiting instruction. Second, she contends that, in the abstract and in this instance, a limiting instruction was insufficient to cure any improper adverse inference. Both arguments are unpersuasive.

■ A mistrial is a drastic remedy, granted only in exceptional circumstances. *State ex rel. Kemper v. Vincent*, 191 S.W.3d 45, 49 (Mo.2006). The determination whether to grant a mistrial rests in the discretion of the trial court and won't be disturbed unless there was an abuse of discretion. *Id.* A mistrial is "[a] trial that the judge brings to an end, without a

determination on the merits...." BLACK'S LAW DICTIONARY 1023 (8th ed.2004). The Court admonished the jury to disregard the improper statement. Had the trial court granted a mistrial, there would be no reason to give a limiting instruction; the trial would be terminated.

In addition, Plaintiff presents no on-point authority to support her assertions either that, in the abstract, a limiting instruction is not sufficient to cure an improper adverse inference argument or that, in this case, specifically, the trial court's limiting instruction failed to remedy any improper adverse inference. Plaintiff directs this Court to *Calvin v. Jewish Hosp.*, 746 S.W.2d 602, 605 (Mo.App. E.D. 1988) for the proposition that "a limiting instruction, when an improper adverse inference argument is made, is not sufficient." *Calvin* is not only distinguishable but also Plaintiff's proposition does not follow from it.

In *Calvin*, the trial court permitted a plaintiff and a defendant to name experts disclosed within thirteen days of trial, despite its previous order prohibiting any party from endorsing an expert witnesses within sixty days of trial. *Id.* at 603. The trial court denied a third-party-hospital's attempt to do the same. *Id.* at 604. In arguing his case, plaintiff's attorney pointed to the exclusion of the third-party-hospital's witness, asking why the third-party-hospital failed to bring "a parade of doctors." *Id.* at 605. The trial court overruled the third-party-hospital's improper adverse inference objection and, on appeal, this Court held that the hospital was entitled to a new trial. *Id.* Here, unlike in *Calvin*, the trial court did not actively prevent the presentation of Plaintiff's witness and the trial court did not overrule Plaintiff's objection. In addition, we cannot find any endorsement in *Calvin* of the principle that a limiting instruction is in-sufficient to remedy an improper adverse inference as a matter of law or any statement from which this principle would follow.

■ Additionally, a review of the record undermines Plaintiff's contention that the trial court's direction to "disregard the last statement made by defense counsel" failed to correct any adverse inference from defense counsel's statement. "A limiting instruction may be sufficient to avoid prejudice, and the trial court is in the best position to determine the impact on the jury." *State v. Myers*, 997 S.W.2d 26, 35 (Mo.App. S.D.1999). In his closing argument, defense counsel asked the jury to consider the assumption that it would have to make in order to believe that the car accident caused Plaintiff's back injury: that Plaintiff played sports for years after the accident, despite having a herniated disc.

After noting that Plaintiff's parents testified, defense counsel stated, "Did we hear any testimony from any teachers, any gym teachers any coaches any players who played with her, anybody?" Plaintiff objected immediately, and requested both a mistrial and an instruction striking Defendant's entire argument. The Court responded by instructing the jury to "disregard the last statement made by defense counsel." The last statement made by defense counsel was the statement in which the adverse inference argument occurred. Plaintiff is mistaken when she argues that defense counsel's last statement was anything otherwise. Faced with a request for mutually exclusive remedies, the trial court's limiting instruction, mandating that the jury ignore defense counsel's statement, the only statement questioning Plaintiff's failure to call witnesses, was sufficient.

For all of the above reasons, the trial court did not abuse its discretion in deny-

ing Plaintiff's motion for new trial based on defense counsel's arguing of an improper adverse inference. Point denied.

■ In her second point, Plaintiff alleges the trial court erred in denying Plaintiff's request for an evidentiary hearing on juror misconduct to determine if a venireman, Juror Stewart, failed to disclose that he had previously been a party to litigation. We agree.

■ A trial court's decision concerning juror misconduct will be affirmed unless there is an abuse of discretion. *Portis v. Greenhaw*, 38 S.W.3d 436, 443 (Mo.App. W.D.2001). The first step in determining whether juror misconduct justifies a new trial is deciding whether a juror's silence during voir dire constitutes nondisclosure. "Juror nondisclosure will only be found after a clear question unequivocally triggers a duty to answer." *Bradford v. BJC Corp. Health Services*, 200 S.W.3d 173, 182 (Mo.App. E.D.2006).

In *Prewitt v. Cofer*, 979 S.W.2d 521 (Mo. App. E.D.1998), a juror failed to respond to the question "could I see [the] hands of anyone who has been involved as a party in a lawsuit, either plaintiff [or] defendant ..." even though he was then involved in a pending suit. *Id.* at 525. The trial court denied an evidentiary hearing on juror misconduct. *Id.* On appeal, this Court determined that this question "unequivocally compelled [the juror] to disclosure previous lawsuits." *Prewitt*, 979 S.W.2d at 525 (citing *Brines v. Cibis*, 882 S.W.2d 138, 139 (Mo. banc 1994)). Here, Plaintiff's counsel asked a similarly clear question:

I am interested in whether you were a party, a plaintiff or a defendant in a lawsuit.... What I am interested in is

if you were involved in a lawsuit as actually somebody who was suing or being sued that actually went to court where you actually were served or had somebody else served with a Petition and there was an actual lawsuit filed.

We find that these words triggered a duty for any venireman to reveal previous litigation and that if Juror Stewart had been a party to prior litigation, his silence constituted juror nondisclosure.[1]

■ This leaves the question whether the alleged nondisclosure was intentional or unintentional. Where a juror is reasonably able to comprehend counsel's question and where a juror actually remembers the experience, or it is unreasonable for the juror to have forgotten it, an intentional nondisclosure occurs. *Bradford*, 200 S.W.3d at 182. An intentional nondisclosure per se mandates a new trial. *Id.* "If the trial court finds the nondisclosure was unintentional, a new trial is not warranted unless the party seeking it proves prejudice that may have influenced the verdict." *Id.* (quoting *Grab ex rel. Grab v. Dillon*, 103 S.W.3d 228, 243 (Mo. App. E.D.2003)) (citation omitted). Because the trial court denied Plaintiff's motion without an evidentiary hearing, we are left with no record to resolve this issue.

This brings us to the question of whether the trial court erred in denying a hearing. The circumstances here are factually analogous to those in *Prewitt*. There, "[defendant] complied with the procedural requirements for an evidentiary hearing by subpoenaing witnesses and requesting a hearing date." *Prewitt*, 979 S.W.2d at 525 (quoting *Peth v. Heidbrier*, 789 S.W.2d 859, 862 (Mo.App. E.D.1990)). This Court

1. Plaintiff's motion for new trial alleged that Juror Stewart was a party to a specifically identified case in St. Louis County. A threshold question must be resolved by the trial court: Whether Juror Stewart is the same person who was involved in the case identified by Plaintiff in her motion.

found that "the [trial] court erred in refusing to grant an evidentiary hearing." *Id.* (quoting *Peth,* 789 S.W.2d at 862). Similarly, here, Plaintiff followed the procedural steps for an evidentiary hearing, attempting to subpoena Juror Stewart and requesting a hearing. Although Defendant contends it was Plaintiff's burden to produce affidavits, as we found in *Prewitt,* witnesses may be unwilling to voluntarily co-operate with movants by supplying affidavits. *Id.* (quoting *Peth,* 789 S.W.2d at 862).

Accordingly, we remand to the trial court to conduct an evidentiary hearing to determine whether Juror Stewart failed to disclose prior litigation and, if he did, if his nondisclosure was intentional or unintentional and whether prejudice resulted justifying a new trial.

### III. CONCLUSION

Remanded to the trial court for further proceedings.

KATHIANNE KNAUP CRANE and SHERRI B. SULLIVAN, JJ., Concur.