John William WEANT, Appellant,

v.

Cora Lee WEANT, Respondent.

No. WD 32113.

Missouri Court of Appeals,
Western District.

Sept. 29, 1981.

Kenneth D. Kyser, Moberly, for appellant.

David L. Knight, Columbia, for respondent.

Before KENNEDY, P. J., and WASSERSTROM and SHANGLER, JJ.

PER CURIAM:

Husband appeals from the court's judgment in a dissolution case, complaining of the court's division of marital property, of an award of $200 per month maintenance to the wife, of an award of $200 per month child support for each of two children, of the visitation schedule for his visitation with the children, and of an award of $1,700 attorney's fees to the wife.

Finding no error we affirm the judgment of the trial court.

■ The husband's complaints about the court's division of marital property relate to the award of particular items of household goods and appliances to the wife instead of him. This, and his complaint about the children's visitation schedules, need not be discussed. Although they do not please the appellant, still they are so clearly within the trial court's discretion that no extensive discussion would be profitable. *Daus v. Daus*, 595 S.W.2d 19 (Mo.App.1979); *In Re Marriage of Waldrup*, 588 S.W.2d 258 (Mo. App.1979); §§ 452.330, 452.400, RSMo 1978.

■ The court's awards of maintenance and of child support are also well within the range of the court's discretion and will not be disturbed on appeal. §§ 452.335, 452.340, RSMo 1978. The wife was unemployed at the time of the dissolution hearing. She was expecting to seek employment and believed she would be able to obtain employment. She was considering two jobs, either one of which would pay slightly over minimum wage and would yield take-home pay of about $400 per month. She had no other source of income. She was given custody of the two children of the marriage, 10-year-old John Loyd and 5-year-old Amanda Nichole.

■ Husband's take-home pay was $1,576 per month (gross pay, $2,100 per month). In January of the year of the hearing he had received in addition to his salary a bonus of $1,038. His employer, a closely-held corporation of which he and the wife were substantial stockholders, furnished him an automobile and various other perquisites. To show he could not afford to pay $600 per month child support and maintenance, he submitted a list showing his requirements for personal living expenses to be $1,295.11 per month. Included in that $1,295.11, however, is $619.33 payments on mortgages on the residence of the parties. The judgment of the court ordered the residence to be sold and the net proceeds divided between the parties, so that monthly bill of $619.33 will be eliminated and his disposable income increased by that amount. The $200 monthly maintenance and $400 monthly child support is entirely reasonable. *Miller v. Miller*, 599 S.W.2d 237 (Mo.App.1980); *Sawtell v. Sawtell*, 569 S.W.2d 286 (Mo.App. 1978). The evidence does not support husband's assertion that these sums will provide the wife and his children a higher standard of living than during the marriage.

■ Defendant also claims that he cannot pay the $1,700 allowance for the wife's attorney's fee, and further that the attorney's fee is excessive. We have examined

the evidence closely and find that the award is well within the wide discretion allowed the trial court with respect to attorney's fee awards. *Hopkins v. Hopkins*, 591 S.W.2d 716, 719–720 (Mo.App.1979), § 452.355, RSMo 1978.

The judgment is affirmed. Respondent's motion for damages for frivolous appeal is denied.

All concur.