**In re the Marriage of David L. WHITE, Petitioner/Appellant,**

v.

**Ruth M. WHITE, Respondent.**

**No. 34060.**

Missouri Court of Appeals, Western District.

July 5, 1983.

---

Richard N. Brown, Brown & Casey, Brookfield, for petitioner/appellant.

Meredith L. Ratcliff, Kirksville, Bollow, Wallace & McConnell, Shelbina, for respondent.

Before TURNAGE, P.J., SOMERVILLE, C.J., and KENNEDY, J.

TURNAGE, Presiding Judge.

David White appeals from that part of the decree dissolving his marriage to Ruth White which awarded Ruth certain property and maintenance. The court awarded Ruth $400 per month for maintenance for the period of February 1, 1982, to December 1, 1983, to enable her to attend school to obtain job training. The court also divided the marital property, including the household goods and appliances.

On this appeal, David contends that the maintenance award was in excess of his ability to pay, that the division of property was unjust, and that the decree should have granted him specific visitation with the three children. Affirmed, but remanded to provide visitation rights.

David's primary complaints regarding the division of property relate to the division of household goods and appliances, and to the awarding of the marital home to Ruth. As to the division of property, and in particular the items of household goods and appliances, a review of the record reveals that the court's order was within the discretion of the court and no abuse has been shown. *Weant v. Weant,* 622 S.W.2d 789, 790[1] (Mo.App.1981).

As to the marital home, § 452.330.-1(3) RSMo 1978,[1] required that the court consider the desirability of awarding the family home to the spouse having custody of any children. Ruth and the children had lived in the family home and the court found it desirable that they continue to live there. Thus, no abuse of discretion in distributing the family home to Ruth was shown.

David further contends that the award of maintenance was beyond his means to pay. However, the evidence revealed that he had over $700 per month after paying child support and maintenance. The maintenance award was for 23 months to give Ruth time to attend school to acquire a job skill, since she possessed none. This is in accordance with § 452.-335.2(2). No abuse of discretion is demonstrated or found, and the judgment as to the division of property and award of maintenance is affirmed.

---

1. All sectional references are to Missouri's Revised Statutes, 1978.

David complains that the decree is silent regarding the visitation rights to which he is entitled as a parent not granted custody under § 452.400. Ruth concedes that the decree is silent as to visitation rights and agrees that this case may be remanded for the court to determine David's visitation rights. Accordingly, this cause is remanded for the sole purpose of hearing any additional evidence which the parties may desire to present concerning David's visitation rights and for the entry of a supplemental decree granting David such visitation rights as the court finds to be in the best interest of the children.

All concur.