**STATE of Missouri, ex rel. John C. BOYLE, Relator,**

**v.**

**Honorable Keith SUTHERLAND, Judge of the Circuit Court of Warren County, Missouri, Respondent.**

**No. ED 80187.**

Missouri Court of Appeals,
Eastern District,
Writ Division Three.

June 25, 2002.

Benicia Baker–Livorsi, St. Charles, MO, for appellant.

Michael S. Wright, Warrenton, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

Relator John Boyle filed a petition for a writ of prohibition to prevent the respondent judge from enforcing his order revoking Boyle's probation. Boyle, claiming indigency, complains that he was forced to proceed to the probation revocation hearing without aid of counsel.[1] Because we find the judge exceeded his jurisdiction in conducting the probation revocation hearing without informing Boyle of his right to appointed counsel and without Boyle waiving counsel, we make our preliminary order in prohibition absolute.[2]

## FACTS

Boyle pleaded guilty to misdemeanor theft. The judge sentenced Boyle to one year's confinement, suspended execution of that sentence, and placed Boyle on two years' probation. After the State moved to revoke his probation, Boyle appeared in court without an attorney. The judge informed Boyle of his right to retain counsel, and further allowed that he would continue the matter if Boyle wished to hire an attorney. Boyle stated that he did not want time to get an attorney, and repeatedly protested that he thought he had been discharged from probation. The judge stated that there was nothing in the file to indicate his discharge, and he again emphasized that it would be in Boyle's best interest to have an attorney for the hearing. When asked if he was waiving counsel, Boyle responded ambiguously. The court set the probation revocation hearing some two months hence.

Boyle appeared at the probation revocation hearing, again without an attorney. Boyle, pleading poverty, stated that he had been unable to secure an attorney. The judge, believing that Boyle had waived counsel at the earlier hearing, proceeded with the hearing and revoked Boyle's probation.

## ANALYSIS

A writ of prohibition is not issued as a matter of right; rather, whether a writ should be issued in a particular case is a question left to the sound discretion of the court in which a petition has been filed. *State ex rel. Baldwin v. Dandurand*, 785 S.W.2d 547, 549 (Mo. banc 1990). We should only exercise our discretionary authority to issue this extraordinary remedy "when the facts and circumstances of the particular case demonstrate unequivocally that there exists an extreme necessity for preventive action." *Derfelt v. Yocom*, 692 S.W.2d 300, 301 (Mo. banc 1985). Further, "[p]rohibition will lie only where necessary to prevent a usurpation of judicial power, to remedy an excess of jurisdiction, or to prevent an absolute irreparable harm to a party." *State ex rel. Director of Revenue, State of Mo. v. Gaertner*, 32 S.W.3d 564, 566 (Mo. banc 2000); *State ex rel. Noranda Aluminum, Inc. v. Rains*, 706 S.W.2d 861, 862–3 (Mo. banc 1986).

1. Boyle propounded a total of six claims that the judge exceeded his jurisdiction in revoking his probation, but we only address the claimed violation of his right to counsel. Some of Boyle's claims, if sustained, would theoretically obviate the necessity of counsel because the court would lack jurisdiction to revoke Boyle's probation. However, we decline to address these various claims, without prejudice to their reassertion, given two considerations. First, our jurisdiction here is purely discretionary. Second, despite our efforts to supplement the record, the record is incomplete; further evidence, developed with the aid of counsel, may assist the judge on remand in his consideration of these claims.

2. Relator's motion to strike Respondent's brief for failure to comply with Rule 84.04 is denied.

Boyle complains that the judge exceeded his jurisdiction in conducting the probation revocation hearing in violation of Boyle's constitutional right to counsel. Specifically, Boyle, claiming indigency, argues that he was not informed of his right to appointed counsel and he had not waived his right to counsel.

■ There is no *per se* right to counsel at a probation revocation hearing. *See Gagnon v. Scarpelli*, 411 U.S. 778, 789–90, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Instead, the decision as to the need of counsel must be determined on a case-by-case basis. *Gagnon*, 411 U.S. at 790, 93 S.Ct. 1756. As the Supreme Court noted, the "presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings," however, "there will remain certain cases in which fundamental fairness—the touchstone of due process—will require that the State provide at its expense counsel for indigent probationers...." *Id.*

■ Noting that the facts and circumstances of revocation hearings are susceptible of "almost infinite variation," the Supreme Court declined to formulate a precise and detailed set of guidelines to be followed in determining when the provision of counsel is necessary to satisfy the applicable due-process requirements. *Gagnon*, 411 U.S. at 790, 93 S.Ct. 1756. However, the Court did set out the following:

Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which

justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record.

*Gagnon*, 411 U.S. at 790–791, 93 S.Ct. 1756. The Missouri Supreme Court, in *Abel v. Wyrick*, 574 S.W.2d 411 (Mo. banc 1978), followed *Gagnon* and found error where the judge not only failed to consider the necessity of counsel, but also, more fundamentally, failed to inform the indigent probationer that he had a right to appointed counsel. *Abel*, 574 S.W.2d at 420. Although in *Gagnon* and *Abel* the courts were faced with indigent felony probationers denied their right to counsel, we find no sound reason to announce a different rule for indigent misdemeanor probationers who might suffer incarceration.

*Gagnon* and *Abel* mandate the following regarding the right to counsel at a probation revocation hearings:

first, an indigent probationer will be informed of his right to request that counsel be appointed;

second, presumptively, counsel should be appointed if the probationer makes a timely and colorable claim that (1) he has not committed the alleged violation of the conditions upon which he is at liberty, or (2) even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that

the reasons are complex or otherwise difficult to develop or present;

third, that in considering a request for the appointment of counsel, the judge should consider, especially in doubtful cases, whether the probationer can speak effectively for himself; and

fourth, if the request for counsel is refused, then the grounds for the refusal should be stated succinctly in the record.

Finally, considerable discretion must be allowed the judge.

*Gagnon,* 411 U.S. at 790–1, 93 S.Ct. 1756; *Abel,* 574 S.W.2d at 420.

If indeed Boyle is without funds to hire an attorney as he protested, we find that the judge did not adhere to the requirements of *Gagnon,* necessitating the issuance of our order in prohibition. To begin, as in *Abel,* the judge failed to inform Boyle that he had a right to appointed counsel. While the judge displayed concern that Boyle have an attorney at the revocation hearing, the judge only informed Boyle of his right to retained counsel, and offered a continuance if Boyle wanted to hire an attorney. At no time did the judge inform Boyle that he had a right to appointed counsel. This does not comport with the teachings of *Gagnon* and *Abel.* Because Boyle was not informed of his right to appointed counsel, Boyle was unable to assert that right, and thus, the court could not, and did not, give consideration as to whether or not due process and the peculiarities of Boyle's case required counsel be provided. Moreover, the judge proceeded with the revocation hearing on the belief that Boyle had waived representation, a belief not sustained by our review of the record. To be certain, Boyle's resolve to secure counsel strengthened in direct relation to his proximity to the threshold of the jailhouse door. But the record and Boyle's confusing testimony do not demonstrate that he was advised of his right to appointed counsel and that he had waived counsel.

Here the facts and circumstances demonstrate unequivocally that we should exercise our discretion to issue a writ of prohibition to remedy an excess of jurisdiction. The judge exceeded his jurisdiction in conducting the probation revocation hearing without informing Boyle of his right to appointed counsel and without Boyle waiving counsel. Therefore, our preliminary order in prohibition is made absolute and the judge is ordered to refrain from enforcing the order revoking Boyle's probation. If a new hearing is held, Boyle, if found indigent, is to be informed of his right to appointed counsel, and if he does so request, a determination must be made as to whether counsel is necessary. If the judge determines that counsel is not necessary, he should state the grounds for his decision clearly in the record.

Preliminary order made absolute.

PAUL J. SIMON, J., and MARY R. RUSSELL, J., concur.