STATE of Missouri ex rel. Jason
M. DEVLIN, Relator,

v.

Honorable Keith M. SUTHERLAND, Circuit Judge of Audrain County, Missouri, 12th Judicial Circuit, Respondent.

No. ED 87231.

Missouri Court of Appeals,
Eastern District,
Writ Division Five.

May 16, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 20, 2006.

Application for Transfer Denied
Aug. 22, 2006.

Mark T. Kempton, Kempton & Russell, Sedalia, Patrick J. Eng, Eng & Woods, Columbia, for relator.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Jefferson City, for respondent.

KENNETH M. ROMINES, Judge.

Relator seeks a Writ of Prohibition. Previously we granted the preliminary writ. We now make the writ absolute.

Relator stands presently charged in Montgomery County with one count of Statutory Sodomy in the Second Degree, one count of Statutory Rape in the Second Degree, and three counts of Child Molestation in the Second Degree.

A writ of prohibition is not issued as a matter of right; rather, whether a writ should be issued in a particular case is a question left to the sound discretion of the court in which a petition has been filed. *State ex rel. Baldwin v. Dandurand,* 785 S.W.2d 547, 549 (Mo. banc 1990); *State ex rel. Boyle v. Sutherland,* 77 S.W.3d 736, 737 (Mo.App. E.D.2002). "[P]rohibition will lie only where necessary to prevent a usurpation of judicial power, to remedy an excess of jurisdiction, or to prevent an absolute irreparable harm to a party." *State ex rel. Director of Revenue, State of Mo. v. Gaertner,* 32 S.W.3d 564, 566 (Mo. banc 2000); *State ex rel. Noranda Aluminum, Inc. v. Rains,* 706 S.W.2d 861, 862–63 (Mo. banc 1986).

The Circuit Court below, on its own motion—relying on Supreme Court Rule 32.09(c)—changed the venue of the trial in this case to Audrain County. The transcript reveals that the Judge was concerned that the parties could not draw a fair and impartial jury from Montgomery County. The exhibits before this Court

show extensive media coverage, as the case involves two prominent families in Montgomery County.

Reliance on Supreme Court Rule 32.09(c) to order the change of venue in this cause is misplaced. Rule 32.09(c) states:

(c) However, nothing contained in Rules 32.01 through 32.09, inclusive, shall prohibit a judge from ordering a change of venue or change of judge when fundamental fairness so requires or pursuant to Rule 32.10.

■ As a reading of Rules 32.01 through 32.09 demonstrates, only the defendant can request a Change of Venue in a Criminal case, unless the parties comply with the stipulation provisions of Rule 32.02. This is so for fundamental reasons. The Sixth Amendment to the United States Constitution, Art I § 18(a), Constitution of Missouri, and § 541.033 RSMo., grant the defendant the right to be prosecuted in the district, or county, where the crime is alleged to have occurred.

Amendment VI, U.S. Constitution compels:

[I]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the state and district wherein the crime shall have been committed . . .

Art I § 18(a), Constitution of Missouri, dictates:

That in criminal prosecutions the accused shall have the right to appear and defend, in person and by counsel; to demand the nature and cause of the accusation; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf; and a speedy public trial by an impartial jury of the county.

§ 541.033.1(1) directs:

1. Persons accused of committing offenses against the Laws of this State, except as otherwise provided by Law, shall be prosecuted:

(1) In the county in which the offense is committed; . . .

Simply, the relator did not request a Change of Venue—none can be granted.

The Circuit Court acted outside its jurisdiction. The Preliminary Order in Prohibition is made absolute. Trial to be had in Montgomery County.

GLENN A. NORTON, P.J., and GEORGE W. DRAPER III, J., concur.