**STATE of Missouri ex rel., Tariq ABDULLAH and Vincent Bates, Relators,**

v.

**The Honorable Marco ROLDAN, Judge of the Circuit Court of Jackson County, Missouri, 16th Judicial Circuit, Division 16, Respondent.**

**No. WD 66901.**

Missouri Court of Appeals, Western District.

Nov. 28, 2006.

Vance C. Preman, Kansas City, MO, for relators.

Patrick J. Stueve, Norman E. Siegel, Todd E. Hilton, Kansas City, MO, for respondent.

Before HOWARD, P.J., and BRECKENRIDGE and NEWTON, JJ.

## ORIGINAL PROCEEDING IN PROHIBITION

VICTOR C. HOWARD, Presiding Judge.

Tariq Abdullah and Vincent Bates ("Relators") filed their Petition for Writ of Prohibition with this court arguing that the Honorable Marco Roldan ("Respondent") does not have jurisdiction over an alleged Motion to Enforce filed in the underlying case, *Tarina Daily, et al. v. DaimlerChrysler Corporation*, 04CV218903 ("underlying class action"). The Motion to Enforce was filed by the law firm Stueve

Siegel Hanson Woody ("Class Counsel"). On June 21, 2006, we ordered a Preliminary Writ of Prohibition. Based on our finding that the Respondent no longer has jurisdiction over this matter pursuant to Supreme Court Rule 75.01[1] and that the document labeled as a Motion to Enforce is not in fact a Motion to Enforce, the order in prohibition is made absolute.

## Procedural Background[2]

On October 4, 2005, the Respondent signed the Judgment and Order of Dismissal with Prejudice ("Judgment") in the underlying class action. Paragraph 5 of this Judgment provides in relevant part:

> The Court has also considered Class Counsel's application for attorneys' fees and expenses. Pursuant to the terms of the Settlement, Defendants have agreed to pay an award of attorneys' fees in the amount of $6,000,000 and whatever amount the Court approves in documented costs and expenses. Class Counsel submitted $211,637.75 in documented costs and expenses reasonably incurred in connection with the litigation ... The Court hereby awards Class Counsel $6,000,000 in attorneys' fees and $211,637.75 in costs/expenses. All objections to the application for attorneys' fees and reimbursement of costs and expenses are hereby overruled.

The Relators allege that prior to the filing of the underlying class action, they had an agreement with Class Counsel regarding the division of any attorneys' fees awarded. Relators claim that Class Counsel agreed to pay the Relators upon the conclusion of the suit 10% of any attor-

---

**1.** All Rule references are to the Missouri Supreme Court Rules (2006).

**2.** A majority of the facts surrounding this writ are allegations made by both sides regarding the issue of the division of attorney fees. Our ruling on jurisdiction is not affected by these

facts. Given that there is a pending case in Kansas regarding the division of the fees, we wish to make clear that the recitation of the facts contained in this opinion in no way is meant as a judgment on any of the allegations and are only contained here to give background information.

neys' fees awarded for the referral of the case and legal services provided throughout the course of the litigation. The Relators argue that they did not make any application for attorneys' fees with the trial court in reliance of statements made by Class Counsel and their previous 10% agreement.

On November 23, 2005, Class Counsel emailed the Relators an offer to pay them $40,000, or .0067% of the $6 million in attorneys' fees awarded. A number of emails were then sent back and forth between Class Counsel and the Relators, with Class Counsel eventually retracting their $40,000 offer. After communication between Class Counsel and Relators broke down, Relators filed a contract dispute for attorneys' fees in Kansas.

On February 3, 2006, Class Counsel filed with the Respondent a pleading titled "Plaintiffs' Motion for Enforcement of this Court's Judgment and Order of Dismissal with Prejudice and Request for Declaratory Relief" ("Motion to Enforce"). In response, Relators filed a motion to dismiss on the basis of lack of jurisdiction and to intervene since they were not parties to the underlying class action. Respondent overruled the Motion to Dismiss and the Relators filed their Petition for Writ of Prohibition.

### Standard of Review—Writ of Prohibition

■■■ "A writ of prohibition is not issued as a matter of right; rather, whether a writ should be issued in a particular case is a question left to the sound discretion of the court in which a petition has been filed." *State ex rel. Toth v. Dildine,* 196 S.W.3d 663, 664 (Mo.App. E.D.2006) (citing

*State ex rel. Baldwin v. Dandurand,* 785 S.W.2d 547, 549 (Mo. banc 1990); *State ex rel. Boyle v. Sutherland,* 77 S.W.3d 736, 737 (Mo.App. E.D.2002)). "[P]rohibition will lie only where necessary to prevent a usurpation of judicial power, to remedy an excess of jurisdiction, or to prevent an absolute irreparable harm to a party." *Id.* (quoting *State ex rel. Dir. of Revenue v. Gaertner,* 32 S.W.3d 564, 566 (Mo. banc 2000); *State ex rel. Noranda Aluminum, Inc. v. Rains,* 706 S.W.2d 861, 862–63 (Mo. banc 1986)).

### Discussion

■■■ Rule 75.01 provides in relevant part that: "The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." A judgment becomes final at the expiration of the thirty-day period.[3] *Glandon v. Daimler Chrysler Corp.,* 142 S.W.3d 174, 177 (Mo.App. E.D. 2004). Once this thirty-day period has expired, the trial court no longer has jurisdiction to amend it. *Id.* The time that a court has jurisdiction is limited to thirty days because the power to change a judgment threatens the finality of the judgment and could slow the litigation process. *Pirtle v. Cook,* 956 S.W.2d 235, 240 (Mo. banc 1997).

■■■ In this case, the Respondent signed the Judgment in the underlying class action on October 4, 2005. The judgment, therefore, became final thirty days later on November 3, 2005. It is undisputed that the Judgment was a final judgment.

---

**3.** The judgment will not become final thirty days after entry if an authorized after-trial motion is filed. *Glandon v. Daimler Chrysler Corp.,* 142 S.W.3d 174, 177 (Mo.App. E.D. 2004). If an authorized after-trial motion,

such as a motion for new trial is filed, the time period may be extended to ninety days. Rule 81.05(a). However, no authorized after-trial motions were filed in this case.

Therefore, as of November 3, 2005, the Respondent no longer had jurisdiction over the Judgment.

Class Counsel essentially argues that Paragraph 16 of the Judgment allows the Respondent to retain jurisdiction over this attorney fee dispute. Paragraph 16, in relevant part provides:

> Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over ... (b) further proceedings, if necessary, on applications for attorneys' fees, expenses, and costs in connection with the Litigation and the Settlement; .... Among other things, this Court retains continuing jurisdiction over the Litigation to enforce Defendants' obligations under the Agreement ... and [to] pay Plaintiffs' Counsel and Plaintiffs' Class Counsel any award of attorneys' fees and reimbursement of expenses made by the Court....

Class Counsel cites federal case law in support of this contention. However, it is important to note that "Missouri Rule 75.01 has no exact counterpart in the Federal Rules." *Pirtle*, 956 S.W.2d at 242.

■ As previously discussed, under Rule 75.01 a "trial court retains jurisdiction for thirty days following the entry of its judgment to take corrective action." *Lacher v. Lacher*, 785 S.W.2d 78, 80 (Mo. banc 1990). In the absence of any authorized trial motions, "the trial court loses jurisdiction at the expiration of thirty days." *Id.* As the Missouri Supreme Court has also noted, "[w]e know of no lawful method which would authorize the trial court to 'hold in abeyance' the judgment which had become final." *Id.* (quoting *Camden v. St. Louis Pub. Serv. Co.*, 239 Mo.App. 1199, 206 S.W.2d 699, 703 (1947)). Class Counsel also does not cite any Missouri precedent supporting the Respondent's attempt to retain jurisdiction

past the thirty days mandated in Rule 75.01.

■ In accord with the Missouri Supreme Court's holding in *Lacher*, "[t]he trial court's attempt to retain jurisdiction over this final decree is contrary to Rule 75.01 and is without effect." *Id.* at 81. "Where the trial court includes language in a judgment that attempts to improperly expand its jurisdiction, the language of the trial court purporting to allow the court to retain jurisdiction is 'without effect' and, as a practical matter, is simply treated as excess language." *Holifield v. Holifield*, 109 S.W.3d 711, 716 (Mo.App. W.D.2003) (citing *T.L.I. v. D.A.I.*, 810 S.W.2d 551, 554 (Mo.App. E.D.1991)). Regardless of what the Judgment says in Paragraph 16, the Respondent lost jurisdiction over the Judgment on November 3, 2005. The language in the Judgment attempting to retain jurisdiction is clearly able to be stricken without affecting the remainder of the Judgment. *See T.L.I.*, 810 S.W.2d at 554.

■ Class Counsel also argues that since under Missouri law "courts have inherent power to enforce their own judgments," the Respondent had the power to grant the Motion to Enforce. Class Counsel is correct that " '[c]ourts have inherent power to enforce their own judgments and should see to it that such judgments are enforced when they are called upon to do so.' " *Lake Thunderbird Prop. Owners Ass'n, Inc. v. Lake Thunderbird, Inc.*, 680 S.W.2d 761, 763 (Mo.App. E.D.1984) (quoting 46 Am.Jur.2d *Judgments* § 898 (1969)). It is also true that "Rule 75.01 serves merely as a bar to the court's right to alter, modify, or change its judgment, but it does not prevent the court from enforcing its judgment as originally entered." *Multidata Sys. Int'l Corp. v. Zhu*, 107 S.W.3d 334, 339 (Mo.App. E.D.2003).

"However, this power has significant limitations." *SD Invs., Inc. v. Michael–Paul, L.L.C.*, 157 S.W.3d 782, 786 (Mo.App. W.D.2005). "The trial court's inherent enforcement power applies to the judgment as originally rendered; the trial court's power to modify a judgment ceases when the judgment becomes final." *Mo. Hosp. Ass'n v. Air Conservation Comm'n of State of Mo.*, 900 S.W.2d 263, 267 (Mo. App. W.D.1995).

Just because a pleading is titled as a "Motion to Enforce" does not mean that it is in fact a motion to enforce. Based on the record before us, it appears that the Defendants in the underlying class action have either already paid the $6 million as required by the Judgment or are in the process of fulfilling the order. Therefore, there is no need for the Judgment as originally rendered to be enforced.

As the full title of the Motion to Enforce suggests,[4] what this "Motion to Enforce" really is, is a motion to declare and interpret rights and obligations couched in terms of a motion to enforce. In fact, what the Class Counsel asks for in the Motion to Enforce cannot be read

to be a request for the Judgment to be enforced.[5] Instead, what Class Counsel is asking for is that the Respondent modify his original Judgment in order to clarify who the award of attorneys' fees should be paid to and to make factual and legal determinations that were presented to the Respondent for the first time. However, as discussed above, the Respondent's jurisdiction to modify or clarify the Judgment expired on November 3, 2005. The Respondent only has the power to enforce the judgment as *originally* entered. Since based on the record before us there is no need for the Judgment to be enforced against the defendants as originally entered, the Respondent does not have jurisdiction over this matter.[6]

### Conclusion

In conclusion, we find that the Respondent erred in denying Relators' motion to dismiss for lack of jurisdiction. Accordingly, our preliminary writ of prohibition is now made absolute. The cause is remanded with directions to the Respondent to take no further action other than dismissal

---

4. "Plaintiffs' Motion for Enforcement of this Court's Judgment and Order of Dismissal with Prejudice and Request for Declaratory Relief."

5. The alleged Motion to Enforce stated:

> For the foregoing reasons, Class Counsel respectfully ask that the Court enforce its Judgment and Order of Dismissal With Prejudice by declaring that any award of attorneys' fees to Mr. Abdullah and Mr. Bates must fail because:
> 1. they never submitted a timely request or application for attorneys' fees as mandated by this Court;
> 2. even if they had submitted a proper and timely request or application for attorneys' fees it would necessarily be denied because they have wholly failed to provide this Court or Class Counsel with any evidence of any amount of time or expenses they have

allegedly incurred on behalf of the class and, therefore, this Court cannot confirm that any such award is fair and reasonable under the law; and
> 3. any agreement to provide Mr. Abdullah and Mr. Bates 10% of all attorneys' fees recovered in this class action settlement is void and unenforceable under Missouri law because it is in specific violation of Rule 4–1.5(e).

6. Furthermore, "the power of the trial court to do anything in a lawsuit after all issues have been resolved is limited to thirty days, as set out in Rule 75.01." *State ex rel. Wolfner v. Dalton*, 955 S.W.2d 928, 931 (Mo. banc 1997). Since the judgment was final and the Respondent no longer had jurisdiction, the Respondent no longer had the power to grant the Relators' motion to intervene. *Id.; see also Pius v. Boyd*, 857 S.W.2d 238, 242 (Mo. App. W.D.1993).

of the "Plaintiffs' Motion for Enforcement of this Court's Judgment and Order of Dismissal with Prejudice and Request for Declaratory Relief" for lack of jurisdiction.

BRECKENRIDGE and NEWTON, JJ., concur.