In re Marriage of Bonnie
**L. VANDERPOOL,**
Respondent,

v.

**Larry R. VANDERPOOL, Appellant.**

No. 28365.

Missouri Court of Appeals,
Southern District,
Division Two.

April 22, 2008.

---

Richard L. Schnake, Neale & Newman, L.L.P., Springfield, for Appellant.

M. Corinne Corley, Corley Law Firm, Kansas City, for Respondent.

ROBERT S. BARNEY, Presiding Judge.

Appellant Larry R. Vanderpool ("Husband") appeals the trial court's judgment dissolving his marriage to Respondent Bonnie L. Vanderpool ("Wife"). Husband raises three points of trial court error. Point One premises trial court error based on the trial court's judgment ordering Husband to pay the cost of a survivor benefit election to Wife which Husband maintains is significantly in excess of Wife's proportionate and equitable share of his pension benefits. Point Two asserts the trial court erred in granting Wife non-modifiable maintenance for life. Point Three premises trial court error in its award to Wife of certain attorney's fees and expenses.

The record reveals the parties were married on April 22, 1983, and separated on June 24, 2003. There were no children born of the marriage.[1] At the time of trial, Husband was fifty-nine years old and had been employed since April of 1967 as a food inspector for the United States Department of Agriculture. Husband had undergone back surgery some time previously, but was still working at least forty hours per week. The record further shows Wife was fifty-three years old and working in Ohio in a temporary position as a warehouse shipping clerk. During the parties' marriage Wife had worked for a period of time as a manager for a meat packing company before she quit her job to stay home with her child. She returned to work about ten years later and worked as a file clerk and then as a secretary for a doctor.

The standard for reviewing a judgment of dissolution is the same as in any court-tried action. *Rivers v. Rivers*, 21 S.W.3d 117, 121 (Mo.App.2000). The decree must be affirmed unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law.

---

1. It appears that during the marriage Husband adopted Wife's child from a previous relationship, but the child has now reached the age of majority.

*Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "We do not retry the case, rather we accept as true the evidence and reasonable inferences therefrom in a light most favorable to the prevailing party and disregard contradictory evidence." *McCallum v. McCallum*, 128 S.W.3d 62, 65 (Mo.App.2003). Additionally, we defer to the trial court's determinations of credibility in making our review. *In re Marriage of Colley*, 984 S.W.2d 163, 166 (Mo.App. 1998).

■ In his first point relied on, Husband maintains the trial court erred by ordering him to "provide and pay for a 100 [percent] survivor annuity for [Wife]" in relation to his Civil Service Retirement System ("CSRS") pension benefits. Husband argues such an award "results in a windfall for [Wife]" and prejudices him by "costing him unnecessary monthly expense[s] . . . ." Additionally, in his second point relied on, Husband maintains the trial court abused its discretion by awarding Wife "nonmodifiable maintenance of $471 per month for life . . . ." He asserts such an award would require his estate "to pay maintenance even when [Wife] no longer needs it . . ." and there "is no evidence to support continuing the award of maintenance to [Wife] should she remarry or after [Husband] dies." In our analysis of these two points relied on, we address them together because they are interrelated.

■ The trial court is given broad discretion in dividing property, and we will interfere with its decision only if the division is so unduly weighted in favor of one party that it amounts to an abuse of discretion. *Kirkwood v. Kirkwood*, 77 S.W.3d 675, 680 (Mo.App.2002). The trial court abuses its discretion only when its ruling is "clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of careful consideration." *In re Marriage of Holden*, 81 S.W.3d 217, 225 (Mo.App.2002). "The division of property is presumed to be correct, and the party challenging the division bears the burden of overcoming the presumption." *Rivers*, 21 S.W.3d at 123; *see also In re Marriage of Ward*, 955 S.W.2d 17, 21 (Mo. App.1997).

■ Pursuant to section 452.330.1, the trial court in a dissolution proceeding is required to divide marital property and debts in such proportions as the court deems just after considering all relevant factors set out therein.[2] *See Rivers*, 21 S.W.3d at 122. There is no set formula concerning the weight given to the factors considered under section 452.330. *Kester v. Kester*, 108 S.W.3d 213, 224 (Mo.App. 2003). As already stated, in dissolving a marriage, the trial court awards each spouse his or her nonmarital property, then divides the remaining marital property and debts in a reasonable manner after consideration of all relevant factors enumerated in section 452.330. *See Rivers*, 21 S.W.3d at 122; *Kester*, 108 S.W.3d at 224.

Here, Husband's CSRS benefits and obligations are considered in part to be marital property and the marital portion is clearly subject to division by the trial court in its distribution of property. *In re Marriage of Ward*, 955 S.W.2d at 20; *Kuchta v. Kuchta*, 636 S.W.2d 663, 666 (Mo. banc 1982); *Weiss v. Weiss*, 702 S.W.2d 948, 952 (Mo.App.1986).

In the present matter, due to his employment as a food inspector for the feder-

**2.** All statutory references are to RSMo 2000 and all rule references are to Missouri Court Rules (2007).

al government Husband participates in the CSRS and, thus, is ineligible for social security benefits. At the time of trial, Husband had been employed as a food inspector for thirty-eight years with twenty-two of those years being during the parties' marriage.

The record reflects that CSRS does not pay a present value to its pensioners and, instead, pays on a monthly annuity basis, but only during Husband's lifetime. Once Husband retires, Wife would be entitled to a percentage of Husband's monthly annuity benefits and not a percentage of the actual present value of Husband's retirement account. In its judgment, in dividing the marital properties of the parties, the trial court awarded Wife 28.9 percent of Husband's monthly retirement annuity benefits to be paid to him during his lifetime.

The record also reflects that Husband appears to have the option of making a "survivor benefit election" which would authorize monthly annuity payments to Wife to continue after Husband's death, when Wife's annuity payments would otherwise terminate. In order to make this election Husband would be required to pay Wife her percentage share of his annuity benefits and pay out, in the form of a reduction of his annuity benefits, the amount of $261.52 a month to pay for Wife's survivor benefits.

In its judgment, at paragraph 28, the trial court set out:

28. That [Wife] cannot meet her reasonable needs through the resources available to her, including income, income earning ability, and marital property apportioned to her.... Therefore, the Court orders maintenance to be paid by [Husband] to [Wife] in the amount of $471.00 per month, and, in addition, [Husband] is to pay the cost of the monthly survivor annuity [an amount of $261.52], a benefit to [Wife] based upon [Husband's] CSRS plan. Said monthly *payments* shall be paid commencing on the 01st day of August, 2006, and shall continue day to day thereafter for the life of [Wife] and this award *shall be nonmodifiable.*

(Emphasis added). We note that Husband's pension benefits are partly marital property and the trial court awarded Husband 71.1 percent of his pension benefits, comprising 50 percent of the marital portion and 100 percent of the nonmarital portion, as his share of this item of marital property. Yet, in its judgment at paragraph 28 the trial court appears to be treating as nonmodifiable maintenance that portion of Husband's monthly annuity benefits that are used to pay for Wife's "survivor's benefit." At oral arguments Wife does not contest this interpretation of paragraph 28 of the judgment. However, in determining whether maintenance should be awarded, the trial court must preliminarily "find that ... the party seeking maintenance lacks sufficient property, *including marital property apportioned to that spouse,* to provide for his or her reasonable needs; and ... the party seeking maintenance is unable to support herself through appropriate employment." *Elrod v. Elrod,* 144 S.W.3d 373, 380–381 (Mo. App.2004) (emphasis added); § 452.335.1(1). It is clear, then, that the award of maintenance and the appropriate division of marital property are distinct matters for trial court determination. The division of marital property must necessarily precede the determination of whether maintenance is required, and if so, how much. *See Elrod,* 144 S.W.3d at 381; *Coleberd v. Coleberd,* 933 S.W.2d 863, 870–71 (Mo.App.1996). The trial court erred in treating Husband's survivor benefit election relating to his pension benefits, admittedly partly marital property, as a form of

nonmodifiable maintenance. The trial court's award of marital and nonmarital properties is reversed and remanded so that the trial court may revisit the matter of its division of the parties' marital and nonmarital properties, particularly as it relates to the CSRS benefits. Additionally, the trial court's award of nonmodifiable maintenance is also reversed and remanded to the trial court for further proceedings consistent with this opinion, because in determining the amount of maintenance the trial court must first consider its division of the parties' marital and nonmarital properties. *Elrod*, 144 S.W.3d at 381; *Coleberd*, 933 S.W.2d at 871.

 In his third point relied on, Husband maintains the trial court abused its discretion by awarding attorney's fees and expenses to Wife. He asserts "the evidence shows that part of the fees and expenses were already paid and the other part was covered by the $6,303.00 greater stipulated award of mostly liquid property to [Wife], with which the trial court purported to credit [Husband]." Further, he argues the trial court "had no power to retain jurisdiction or enter an order *nunc pro tunc* to require [Husband] to pay additional fees once the judgment became final."

In its judgment, the trial court set out that it had awarded Wife "approximately $6,603.00 in assets, the majority of which are liquid, more than [Husband] has been receiving, resulting in an adjustment in the attorney's fees award as hereinbelow provided." The trial court thereafter found in the first two sentences of paragraph 30:

[t]hat after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action, the Court finds that [Wife] has incurred, prior to the entry of judgment, the sum of $9,450.00 for attorney fees plus $2,300.00 for costs. The Court finds that [Wife] is unable to pay these fees and costs, and that it is equitable that [Husband] pay the sum of $2,847.00 as and for attorney fees incurred prior to the entry of judgment, and the sum of $2,300.00 as and for costs.

In the remaining sentences of paragraph 30 the trial court found and directed that:

[Husband] be ordered to pay any and all post-trial[ ] attorney fees and costs incurred by [Wife] for enforcement of said Judgment and all attorney's fees and costs for the preparation of the final judgment and for the editing thereof as ordered by the Court in its docket entry of 11 January 2007. [Wife's] counsel shall submit a bill for said post-trial attorney's fees and costs for the preparation of the final judgment within ten days of the entry of the final judgment, and [Husband] shall thereafter pay all attorney's fees and costs as herein ordered.

 The trial court is an expert on attorney fees and being familiar with the issues involved it can fix the amount of attorney fees without the aid of evidence if necessary. *In re Kreutzer*, 50 S.W.3d 334, 341 (Mo.App.2001). "The trial court is free to accept or reject all, part, or none of the testimony of a witness." *Holtgrewe v. Holtgrewe*, 231 S.W.3d 233, 235 (Mo.App. 2007).

Here, Wife testified that as of the day of trial she had paid $6,600.00 in attorney fees including a trust account balance of $500.00. She also testified she had incurred additional costs of $97.00 "for court filing . . .;" a property appraisal for $450.00; and two payments for an appraisal on Husband's retirement funds totaling $800.00. Wife stated she felt she would incur $1,300.00 in legal fees as a result of the trial and $1,300.00 in legal fees for

preparation of a qualified domestic relations order and other documentation.

Accordingly, the trial court had sufficient information on which to base its pre-judgment attorney fees award to Wife in the amount of $2,847.00 and its pre-judgment costs award to Wife of $2,300.00. We find no abuse of discretion by the trial court in making these foregoing awards. *See Holtgrewe*, 231 S.W.3d at 235.

■ However, we are troubled by the remainder of the trial court's findings in paragraph 30 and its ultimate award of "post-trial" attorney fees and costs incurred by Wife for enforcement of the judgment; the trial court's direction to Husband to pay attorney's fees and costs incurred for preparation of the "final" judgment; and the trial court's explicit retention of "jurisdiction to enter further orders relative to the additional fees and costs and any such order shall be *nunc pro tunc.*"

■ First, we note that "[p]rovisions in a judgment should be definite; indefinite provisions are void and unenforceable." *Skalecki v. Small*, 951 S.W.2d 342, 345 (Mo.App.1997); *see In re Marriage of Brooke*, 773 S.W.2d 496, 498–99 (Mo.App.1989). "With some minor exceptions, the 'provisions in dissolution decrees must be sufficiently certain to be susceptible of enforcement in the manner provided by law without requiring external proof, and if it does not satisfy this requirement such provision is void.'" *Farnsworth v. Farnsworth*, 108 S.W.3d 834, 843 (Mo.App. 2003) (quoting *Hunt v. Hunt*, 65 S.W.3d 572, 577 (Mo.App.2002)); *see Brooke*, 773 S.W.2d at 499. It is our view that the third and fourth sentences of paragraph 30 of the trial court's findings and its ultimate award relating to post-trial attorney's fees and costs suffer from the maladies of indefiniteness and lack of certainty.

Second, we note that "Rule 75.01 provides in relevant part that '[t]he trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time.'" *State Ex Rel. Abdullah v. Roldan*, 207 S.W.3d 642, 645 (Mo.App.2006) (quoting Rule 75.01). "A judgment becomes final at the expiration of the thirty day period."[3] *Id.* In the instant matter the trial court took no further action within the relevant thirty day period following entry of its judgment nor were there any authorized after-trial motions filed in connection with the award of "post-trial" fees and costs. *See* Rule 81.05(a); *Roldan*, 207 S.W.3d at 645. It is our view that the " 'trial court's attempt to retain jurisdiction over this final decree is contrary to Rule 75.01 and is without effect.' " *Id.* at 646 (quoting *Lacher v. Lacher*, 785 S.W.2d 78 at 81 (Mo. banc 1990)).

■ Third, the trial court's attempt to exercise its jurisdiction relative to the additional fees and costs by further *nunc pro tunc* orders is of no effect. "[T]here are important limits on the use of an order *nunc pro tunc.*" *In Re N.H.*, 41 S.W.3d 607, 611 (Mo.App.2001) (emphasis added). "It may only be used to correct clerical errors made in written judgments." *Id.; see* Rule 74.06(a). "If a court goes beyond merely correcting clerical errors in a judgment and actually alters the judgment in an order it labels '*nunc pro tunc*,' the corrected order may be held void, because this is not a proper use of a *nunc pro tunc*

---

**3.** "The term 'judgment' in the above rule refers to a final appealable judgment which disposes of all parties and issues in a case."

*In Re Marriage of Short*, 847 S.W.2d 158, 162 (Mo.App.1993).

order and amounts to entry of an amended judgment." *Id.* (emphasis added). Furthermore, the court "must give the parties notice and the opportunity to be heard before entering such an amended judgment." *Id.* Additionally, "[w]here the trial court includes language in a judgment that attempts to improperly expand its jurisdiction, the language of the trial court purporting to allow the court to retain jurisdiction is 'without effect' and as a practical matter is simply treated as excess language." *Roldan* at 646.

Therefore, the provisions of the trial court's judgment and its express award of "post-trial" attorney fees and costs incurred by Wife for enforcement of the judgment; the trial court's direction to Husband to pay attorney's fees and costs incurred for preparation of the "final" judgment; and the trial court's express retention of jurisdiction to enter further *nunc pro tunc* orders relative to the additional fees and costs, are stricken from the judgment. Nevertheless, "[w]hen a part of a trial court's order exceeds its jurisdiction, but the order is otherwise valid, the valid portions of the order will be upheld on appeal and the invalid portions severed." *Cella v. Cella,* 41 S.W.3d 629, 632 (Mo.App.2001); *see Roldan* at 646. Accordingly, we affirm the trial court's award to Wife of the total sum of $5,147.00 for attorney's fees, court costs and suit costs.

That part of the judgment dividing the parties' marital and nonmarital properties is reversed and remanded for further proceedings consistent with this opinion. That part of the judgment awarding Wife nonmodifiable maintenance from Husband is reversed and remanded for further proceedings consistent with this opinion. On remand the trial court is authorized to hold further hearings and take further evidence relating to the issue of its division of the parties' marital and nonmarital proper-ties, as well as to the issue of maintenance. Additionally, that part of the judgment awarding Wife "post-trial" attorney fees and costs is reversed and otherwise stricken from the judgment. Also, that part of the judgment awarding Wife the total sum of $5,147.00 for attorney's fees, court and suit costs is affirmed. In all other respects the judgment is affirmed.

LYNCH, C.J., and BURRELL, J., concur.