Michael E. MANNING, Respondent,

v.

Catherine M. MANNING, Appellant.

No. ED 91491.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 4, 2009.

Richard B. Blanke, St. Louis, MO, for appellant.

Daniel E. Leslie, Union, MO, for respondent.

PATRICIA L. COHEN, Judge.

Catherine M. Manning (Wife) appeals from the trial court's judgment dissolving her marriage to Michael E. Manning (Husband). Wife contends that the trial court abused its discretion by: (1) dividing the marital property inequitably in Husband's favor, (2) failing to award her maintenance, (3) awarding only partial attorney fees, and (4) denying a new trial or evidentiary hearing on these issues. We affirm in part, reverse in part, and remand.

### Background

Husband and Wife married in 1991. They had no children together. In 2006, Husband filed a petition for dissolution of marriage requesting equitable distribution of the couple's property, that no maintenance be awarded to either party, and that each party pay his and her own attorney fees. In her cross-petition, Wife requested equitable distribution of the couple's property and debts, and maintenance and attorney fees.

Husband, a veteran, retired from the U.S. Postal Service in 2004 and receives a monthly income of $2,553 consisting of $2,103 from a defined benefit retirement plan, $338 from a thrift savings plan, and $112 in disability from the Veterans' Administration. Wife is currently unemployed. Previously, Wife worked in child care but resigned from her job in 1992 and subsequently performed infrequent odd jobs until she was injured in a car accident. Wife suffers from multiple physical impairments including diabetes, kidney damage, high blood pressure, glaucoma, cataracts, hearing loss, and degenerative nerve disease. She receives $474 monthly in Social Security disability benefits.

Prior to the marriage and at the time of the dissolution hearing, Wife owned residential real estate known as the Farrell and Carol Park properties. Carol Park is subject to a first mortgage of $19,000 and a second mortgage of $27,000.

The parties jointly owned a residence known as the Grube property. The Grube property was worth between $105,000 and $140,000, subject to an outstanding mortgage of $33,000. The parties also owned two timeshares worth $10,000 (Green Mountain) and $4,800 (Lost Valley), as well as five motor vehicles, including a Dodge truck worth $9000 financed by a second mortgage on Carol Park and a Dodge Caravan with an outstanding loan of $12,000. The parties had credit card debt of $7,200. The parties' total debt was approximately $79,200.

At the dissolution hearing, Husband requested the Grube property, the Dodge Caravan, and that the trial court decline to award maintenance or attorney fees to Wife. Wife requested maintenance of $1,000 per month and $7,000 in attorney fees. Both parties requested equitable distribution of marital property and debts.

The trial court granted a judgment of dissolution and awarded Husband the Grube home, Green Mountain timeshare, and three vehicles. The trial court ordered Husband to assume the Grube mortgage, Dodge Caravan loan, and credit card debt. The trial court awarded Wife the Lost Valley timeshare, two vehicles, including the Dodge truck purchased with funds

generated by the second mortgage on Carol Park, the spousal portion of Husband's retirement benefits, a set-off judgment of $41,000, and $2000 in attorney fees. The trial court awarded no maintenance, finding that Wife's non-marital real estate combined with her portion of Husband's disability benefits should yield sufficient income to provide for her needs. Wife filed a motion for a new trial or evidentiary hearing, which the trial court denied. Wife appeals.

## Standard of Review

We affirm the trial courts decision unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Coughlin v. Coughlin*, 823 S.W.2d 73, 75 (Mo.App. E.D.1991). We view the evidence and permissible inferences therefrom in the light most favorable to the trial courts judgment and disregard all contrary evidence and inferences. *In re Marriage of Maninger*, 106 S.W.3d 4, 9 (Mo.App. E.D.2003). We defer to the trial courts determinations of witness credibility. *Vanderpool v. Vanderpool*, 250 S.W.3d 791, 795 (Mo.App. S.D.2008).

■ The trial court has broad discretion in identifying and dividing marital property. *Coughlin*, 823 S.W.2d at 75. We will interfere with the trial courts decision only if it amounts to an abuse of discretion. *Vanderpool*, 250 S.W.3d at 795. The trial court has similarly broad discretion with respect to awards of maintenance and attorneys fees. *Evans v. Evans*, 45 S.W.3d 523, 526 (Mo.App. W.D.2001). "The trial court abuses its discretion only when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock ones sense of justice and indicate a lack of careful consideration." *Vanderpool*, 250 S.W.3d at 795. (quotation omitted). We therefore presume correct the trial courts division of property and require the party challenging the division on appeal to overcome the burden of presumption. *Waite v. Waite*, 21 S.W.3d 48, 51 (Mo.App. E.D.2000).

## Discussion

### A. Division of Property

Wife contends that the trial court abused its discretion by awarding: (1) Husband marital property of a greater overall value, (2) Husband the marital residence, (3) Wife Husbands truck, and (4) Wife only the personal property that Husband agreed to part with. In addition, Wife contends that the trial court failed to credit Wife for assets Husband squandered. Husband counters that the trial courts decisions were within its discretion.

### 1. Value of Marital Property awarded to Husband[1]

■ Wife contends that the record is devoid of evidence to support the trial courts award to Husband of marital property with a greater value than she received. More specifically, Wife argues that the division of marital property fails to place "each spouse in an independent self-sufficient status and places an insupportable financial burden on Wife."

The record reveals that the trial court awarded Husband at least $126,400 in assets[2] and assigned him $52,200 in debt,[3]

---

1. Wife complains that the trial court failed to make any findings of fact regarding fair market values of the apportioned property and debts. As Wife acknowledges, however, neither party requested findings of fact and therefore the trial court has no duty to make findings. *Dardick v. Dardick*, 670 S.W.2d 865, 867 (Mo. banc 1984).

2. The Grube residence ($105,000 or more), Green Mountain timeshare ($10,000), Cara-

for a total of $74,200. The trial court awarded Wife $47,000 in assets[4] offset by $27,000 in debt,[5] for a total of $20,000. Both parties also received vehicles and personal effects to which no value was assigned.

To determine the appropriate division of marital property, the trial court considers factors delineated in section 452.330 RSMo, in pertinent part:

(1) The economic circumstances of each spouse at the time the division of property is to become effective . . . ;

(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker; [and]

(3) The value of the nonmarital property set apart to each spouse.

Regarding the first factor, the parties respective economic circumstances do not support the disparity between Husbands total award of $74,200 and Wifes total award of $20,000. After division of his pension benefits, Husband receives $2,006 monthly while Wife could receive up to $1,920.[6]

Examining the second factor, the parties respective contributions to the marriage also do not explain the imbalance. The trial court found that both parties contributed separate funds to the acquisition and improvement of marital property.

To arrive at its award, the trial court apparently gave considerable weight to the third factor, namely, the significant value of Wife's real estate acquired prior to the marriage.[7] Ultimately the weight given to this factor in comparison to other factors is primarily a matter of judgment for the trial court. *Ware v. Ware*, 647 S.W.2d 582, 584 (Mo.App. E.D.1983). Therefore, mindful of our standard of review, we cannot say that the trial court abused its discretion.

## 2. Marital Residence

■ Wife submits that the trial court abused its discretion by awarding the Grube residence to Husband because Wife must now reside in her non-marital property and thus cannot collect additional rent on the property. However, the trial court's estimate of Wife's potential income already accounts for her residency on part of her rental property. Although the trial court could have divided the property differently, as Wife proposes, Wife provides no authority for the proposition that the trial court's decision is an abuse of discretion.

## 3. Truck

■ Wife asserts that the trial court abused its discretion by awarding her Husband's 1997 Dodge truck that was purchased with funds generated by taking out a second mortgage on Carol Park. Wife fails to provide persuasive support for her position. The record reveals that Wife was concerned that, although she sought the Carol Park property and knew she would be responsible for the attached mortgages, she wanted to be compensated

van ($9000), trailer ($900), and firearms ($1500).

3. The Grube mortgage ($33,000), van loan ($12,000), and Discover card ($7200).

4. Lump sum payment of $41,000, Lost Valley timeshare ($4800), and 1996 van ($1200).

5. Carol Park mortgage ($27,000).

6. $1,020 from Husband's retirement sources and Wife's Social Security disability benefit, plus as much as $900 that the court could have imputed to Wife in rental income ($450 from Carol Park and potentially $450 from Farrell).

7. $45,000 for the Farrell property and $140,000 for Carol Park.

in some way for the fact that the second mortgage was used to purchase her Husband's Dodge truck:

Q: [Y]ou understand that, if you're awarded [Carol Park], you're going to be responsible for the mortgages on it, correct?

A: Correct.

Q: Although you do want some type of consideration taken into account that some of that, a large portion of that mortgage is due to the purchase of Mike's truck.

A: Right.

Q: An asset that he's going to be keeping.

A: Right.

By awarding the Dodge truck to Wife, the trial court simply addressed her desire for "consideration" given that a "large portion" of the second mortgage was "due to the purchase of Husband's truck." More to the point, the trial court properly awarded property to Wife that the parties acquired by encumbering Wife's non-marital property.

### 4. Personal Property

Wife maintains that the award of personal property was arbitrary and capricious because the trial court only awarded to Wife those items that Husband agreed to part with. We reiterate that the trial court retains broad discretion in dividing property. See Weant v. Weant, 622 S.W.2d 789, 790 (Mo.App. W.D.1981) (holding that the court's division of particular household items is "so clearly within the trial court's discretion that no extensive discussion would be profitable.").

### 5. Reimbursement for Squandered Assets

■ Wife alleges that the trial court failed to reimburse Wife for "at least $25,000" of marital property. Husband responds that Wife offered no evidence that the funds in question were not used to pay marital expenses.

■ It is well-settled that "[t]he trial court enjoys broad discretion in making determinations on issues relating to the squandering of assets, because it is in the better position to judge credibility." Foraker v. Foraker, 133 S.W.3d 84, 104 (Mo. App. W.D.2004) (quotation omitted). The accusing party must present evidence of squandering (e.g. bank statements, transaction records, checks) "or no finding of squandering or reimbursement will result." Id. (quotation omitted).

Wife first raised the issue of squandering in her post-trial motion. The trial court denied the motion relying on its earlier findings that each party contributed both separate and marital funds to the marital unit. Even though the trial court made no explicit findings with respect to Wife's allegation of squandering, the record contains no evidence to support Wife's allegation. Having failed to present evidence at trial of squandering, Wife cannot complain of the trial court's failure to find that Husband squandered assets. Likewise, absent a finding of squandering, Wife presents no basis for arguing that the trial court failed to reimburse her.

Point denied.

### B. Maintenance

■ Wife asserts that the trial court erred when it failed to award her maintenance because she lacks sufficient property to provide for her reasonable needs and is unable to support herself through employment. Husband counters that the trial court's denial of maintenance was proper because Wife should be able to provide for and support herself with her rental income, disability benefits, and her portion of Husband's retirement benefits.

Section 452.335.1 permits a trial court to award maintenance if it finds that the requesting spouse: (1) lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs and (2) is unable to support herself through appropriate employment. Section 452.335.1; *Garrison v. Garrison*, 255 S.W.3d 37, 40 (Mo.App. W.D.2008). With respect to the first statutory requirement, Wife maintains that the record does not support a finding that she has sufficient property to provide for her reasonable needs.[8]

■ To determine whether a party seeking maintenance has met her burden with respect to the first statutory requirement, the trial court must consider the party's reasonable needs and then decide whether she is able to meet those needs with her property, including marital property apportioned to her. Section 452.335.1; *Barton v. Barton*, 157 S.W.3d 762, 766 (Mo.App. E.D.2005). The trial court did not determine Wife's expenses or whether those expenses constituted reasonable needs. However, the record reveals that Wife claimed monthly expenses at the time of trial of $3,380.[9] Husband did not challenge the amount or reasonableness of Wife's claimed expenses at trial and does not dispute them here.

■ Following a determination of reasonable needs, a trial court is next required to ascertain whether a spouse seeking maintenance has sufficient property to meet those needs. *Barton*, 157 S.W.3d at 767. Wife challenges the trial court's finding that she should be able to provide for

her needs out of existing sources of income: her Social Security disability benefit ($474), her portion of Husband's pensions ($441.63), a payment of $104.00 from Husband's "Thrift", and rental income on her real estate. Regarding the rental income, Wife testified that the Farrell rental property, a mobile home, is vacant and unrentable because a hostile neighbor controls access to the home's water supply and refuses to provide running water to the home. As a result, Wife contended she is unable to collect the potential $450 in monthly rental income.[10] However, even if the Farrell rent is included in Wife's income, her total monthly income is $1,920.41. Accordingly, her total amount of unmet expenses is approximately $1,460.00. In addition, the record reflects that at the time of trial, Wife had no furniture, was ineligible for food stamps, and had been receiving assistance from a local charitable agency that provides food, clothing, cleaning products, and washer/dryer access.

The trial court acknowledged that "[m]aintenance for Wife is a difficult issue," noting that her small disability benefit does not fully pay her bills. A close review of the record establishes that Wife's additional property is likewise insufficient to meet her reasonable needs. Furthermore, as the trial court determined, Wife is able unable to support herself through employment. Wife therefore satisfies both threshold elements of section 452.335.1.

■ Section 452.335.1 provides that following establishment of the threshold

---

8. With respect to the second statutory requirement, neither party disputes the trial court's finding that "Wife is currently disabled and unable to work."

9. Among them: $670 mortgage on Carol Park, $316 in utilities, $54 for a funeral plan, $97 for medicare, $338 car payment, $450 for

food, $836 for medications, $50 for clothing, and $254 for miscellaneous personal care items and recreation. The remainder evidently was itemized on Wife's statement of expenses submitted at trial.

10. It is unclear whether the trial court nevertheless imputed this income to Wife.

requirements, the trial court must consider the following additional factors as provided in Section 452.335.2:

1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently;

2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

3) The comparative earning capacity of each spouse;

4) The standard of living established during the marriage;

5) The obligations and assets, including the marital property apportioned to him and the separate property of each party;

6) The duration of the marriage;

7) The age and physical and emotional condition of the spouse seeking maintenance;

8) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance;

9) The conduct of the parties during the marriage; and

10) Any other relevant factors.

"The court is to apply the factors so as to balance the reasonable needs of the spouse seeking maintenance against the ability of the other spouse to pay." *Garrison v. Garrison*, 255 S.W.3d at 41. At trial, Husband appeared to argue that if he paid maintenance to Wife in the amount that she sought, i.e. $600–700 per month, Wife's monthly income would exceed Husband's resulting monthly income of $1,950.00 per month. While this argument, which speaks to Husband's ability to meet his needs, certainly deserves attention, it is appropriately considered by the trial judge

in the context of the statutory analysis mandated by Section 452.335.2. Accordingly, we remand for consideration of the factors enumerated in Section 452.335.2.

### C. Attorney Fees

 Wife argues that the trial court erred in awarding her only $2,000 of the $7,000 she requested in attorney fees. The trial court has discretion to award attorney fees after considering all relevant factors, including the financial resources of both parties, the merits of the case, and the actions of the parties during the pendency of the action. Section 452.355.1. Only on a showing that the trial court abused its broad discretion will an appellate court overturn the trial courts order. *In re Marriage of Trimble*, 978 S.W.2d 55, 58 (Mo.App. S.D.1998). To demonstrate an abuse of discretion, the complaining party bears the burden of showing that the award is clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock ones sense of justice. *Id.* Based on our review of the record, Wife has not met her burden. Point denied.

### D. Post–Trial Motion/Evidentiary Hearing

 Wife contends that the trial court erred when it denied her motion for a new trial and an evidentiary hearing pursuant to Rule 78.05. In the affidavit supporting her motion, Wife claimed that she was suffering from a diabetes-related impairment during the dissolution hearing and, as a result, she failed to direct her attorney to adduce certain evidence concerning the real and personal property subject to distribution. She sought the trial courts reconsideration of the property division and submitted new lists of additional property not previously itemized by the parties or specifically distributed by the trial court in the dissolution judgment. In its order

denying Wifes post-trial motion, the trial court found Wifes factual allegations regarding her physical impairment not credible and further noted that most of the issues that Wife attempted to raise were resolved at trial.

Wife argues that she was entitled to an evidentiary hearing because she filed an affidavit in support of her motion and Husband failed to respond with an opposing affidavit. In support of her contention, Wife relies on *Prewitt v. Cofer*, 979 S.W.2d 521 (Mo.App. E.D.1998), and *Peth v. Heidbrier*, 789 S.W.2d 859 (Mo.App. E.D.1990). Neither *Prewitt* nor *Peth* assist Wife. Both cases simply stand for the proposition that Rule 78.05 authorizes an evidentiary hearing "[w]here the issue raised in the motion for new trial requires resolution of factual matters not based on facts appearing in the record. . . ." *Peth*, 789 S.W.2d at 862. Here, Wifes affidavit attesting to her health problems was before the trial court.

The trial court had the discretion to disbelieve Wifes affidavit even though it was unchallenged. *See, e.g., Cloyd v. Cloyd*, 564 S.W.2d 337, 343 (Mo.App.1978). We defer to the trial courts credibility findings. *Swyers v. Swyers*, 34 S.W.3d 848, 849 (Mo.App. E.D.2000). In light of the record, the trial court did not err in failing to hold an evidentiary hearing. Point denied.

### Conclusion

The trial court's judgment is affirmed except with respect to the denial of maintenance. We remand for further consideration consistent with this opinion.

KURT S. ODENWALD, P.J., and GLENN A. NORTON, J., Concur.